**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC, <br><br>        Plaintiff, <br><br>    v. <br><br> BLUELINX CORPORATION, <br><br>        Defendant. | Case No. 6:20-cv-00316-ADA |

**DEFENDANT BLUELINX CORPORATION'S**
**MOTION TO DISMISS PURSUANT TO RULES 12(b)(3) AND 12(b)(6)**

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.    BACKGROUND ........................................................................................3

III.    LEGAL STANDARDS ...............................................................................6

    A.    Failure to State a Claim Under Rule 12(b)(6).........................................6

    B.    Direct Infringement.................................................................................6

    C.    Induced Infringement and Willful Infringement......................................7

    D.    Improper Venue for Patent Infringement Under Rule 12(b)(3).............9

IV.    ARGUMENT .............................................................................................11

    A.    Kirsch Fails to Plausibly Plead Infringement of the Expired '482 Patent. ...........11

        1.    Kirsch Fails to State a Plausible Claim of Direct Infringement................11

            i.    The prosecution history establishes that the preamble of claim 1 is limiting. ........................................11

            ii.    The accused ProLinx products lack a "roof support structure."........................................12

        2.    Kirsch Fails to State a Plausible Claim of Induced Infringement...............14

            i.    BlueLinx had no knowledge of the '482 Patent before it expired........................................14

            ii.    Mere allegations of marking allegedly patented products does not plead the required "knowledge" or "willful blindness" for induced infringement...............................15

        3.    Kirsch Fails to State a Plausible Claim of Willful Infringement. ..............16

    B.    Venue Is Improper for Kirsch's Allegations of Infringement of the '251 Patent.........................................17

        1.    BlueLinx Does Not Reside in this District. .............................................17

        2.    BlueLinx Has Not Committed Any Acts of Infringement of the '251 Patent in this District. ........................................18

V.    CONCLUSION.........................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ............................ 8, 15, 16

*Ambraco, Inc. v. Bossclip B.V.*,
570 F.3d 233 (5th Cir. 2009) ............................................................................... 10, 18

*Amgen Inc. v. Coherus BioSciences Inc.*,
931 F.3d 1154 (Fed. Cir. 2019) ................................................................................ 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................. 6, 14

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
No. 2:13-CV-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ........................... 8, 14, 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................................. 6, 7, 14

*Bowlby v. City of Aberdeen*,
681 F.3d 215 (5th Cir. 2012) ..................................................................................... 6

*Cevallos v. Silva*,
541 F. App'x 390 (5th Cir. 2013) ............................................................................... 6

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
No. 17cv2479-GPC(BLM), 2018 WL 2229364 (S.D. Cal. May 16, 2018) ................. 8, 14, 15

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ............... 8

*DFW Aviation, LLC v. Mansfield Heliflight, Inc.*,
No. 1:19-CV-481-LY, 2019 WL 5072883 (W.D Tex. Oct. 9, 2019) .......................... 9

*Diem LLC v. BigCommerce, Inc.*,
No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017) ................. 7, 11, 12

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ................................................................................................. 8, 9

*Guajardo v. State Bar of Tex.*,
803 F. App'x 750 (5th Cir. 2020) ............................................................................... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) ............................................................................................. 9, 16

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.,*
    360 F. Supp. 3d 541 (E.D. Tex. 2018) ........................................................ 8, 14, 15

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012) ........................................................................... 8

*In re Certain Synthetic Roof Underlayment Products and Components Thereof,*
    No. 3370TA-1202 (I.T.C.) ................................................................................ 19

*In re ZTE (USA) Inc.,*
    890 F.3d 1008 (Fed. Cir. 2018) ................................................................... 10, 20

*Info-Hold, Inc. v. Muzak LLC,*
    783 F.3d 1365 (Fed. Cir. 2015) ..................................................................... 8, 16

*Kimble v. Marvel Entm't,* LLC,
    576 U.S. 446 (2015) .................................................................................. 2, 5, 15

*Kirsch Research and Development LLC v. Owens Corning et al.,*
    No. 1:20-cv-00901 (N.D. Ohio) ........................................................................ 19

*Laitram Corp. v. Rexnord, Inc.,*
    939 F.2d 1533 (Fed. Cir. 1991) ......................................................................... 11

*Lans v. Dig. Equip. Corp.,*
    252 F.3d 1320 (Fed. Cir. 2001) ......................................................................... 17

*Lippert Components Mfg., Inc. v. MOR/ryde, Inc.,*
    No. 3:16-cv-263 RLM-MGG, 2018 WL 345767 (N.D. Ind. Jan. 10, 2018) ................. 9, 15, 16

*M & C Innovations, LLC v. Igloo Prods. Corp.,*
    No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ................................ 8, 9, 16

*Metricolor LLC v. L'Oreal S.A.,*
    791 F. App'x 183 (Fed. Cir. 2019) ............................................................. 7, 11, 13

*Meyers v. Textron, Inc.,*
    540 F. App'x 408 (5th Cir. 2013) ...................................................................... 12

*Nobelbiz, Inc. v. Insidesales.com, Inc.,*
    No. 6:13-cv-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ....................... 8

*Quanta Computer, Inc. v. LG Elecs., Inc.,*
    553 U.S. 617 (2008) ........................................................................................ 19

*Radware, Ltd. v. A10 Networks, Inc.,*
    No. C–13–02021–RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) ................... 9, 15, 16

*Rotatable Techs. LLC v. Motorola Mobility LLC,*
    567 F. App'x 941 (Fed. Cir. 2014) .................................................................. 7, 12

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.,*
    No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ........................ 7, 11, 13

*SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC,*
    137 S. Ct. 954 (2017) ...................................................................................... 19

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.,*
    170 F. Supp. 3d 928 (E.D. Tex. 2016) ........................................................... 9, 15, 16

*Smith v. Hous. Indep. Sch. Dist.,*
    229 F. Supp. 3d 571 (S.D. Tex. 2017) .................................................................. 14

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.,*
    754 F.2d 345 (Fed. Cir. 1985) ............................................................................ 17

*Taylor v. Books A Million, Inc.,*
    296 F.3d 376 (5th Cir. 2002) ......................................................................... 10, 18

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC,*
    137 S. Ct. 1514 (2017) ................................................................................. 10, 17

*TeleSign Corp. v. Twilio, Inc.,*
    No. CV 16-cv-2106 -PSG (SSx), 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ............ 7, 11, 13

*Touchscreen Gestures LLC v. Research in Motion Ltd.,*
    No. 6:12-cv-263, 2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) ............................... 16

*WBIP, LLC v. Kohler Co.,*
    829 F.3d 1317 (Fed. Cir. 2016) ..................................................................... 9, 16

*Westech Aerosol Corp. v. 3M Co.,*
    927 F.3d 1378 (Fed. Cir. 2019) ..................................................................... 10, 18

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.,*
    No. 15-1720, 2017 WL 568781 (E.D. La. Feb. 13, 2017) ................................... 11, 13

**Statutes**

28 U.S.C. § 1400(b) ................................................................................. 2, 10, 17, 18

35 U.S.C. § 154(a)(2) ........................................................................................ 5

35 U.S.C. § 271(a) ............................................................................................ 7

35 U.S.C. § 286 ............................................................................................... 19

**Other Authorities**

14D Wright & Miller, Fed. Prac. & Proc. § 3808 (4th ed. 2020) ................................................. 10

Pursuant to Rules 12(b)(3) and 12(b)(6), Defendant BlueLinx Corporation ("BlueLinx") respectfully moves this Court to dismiss the Complaint of Plaintiff Kirsch Research and Development, LLC ("Kirsch"). BlueLinx moves to dismiss Kirsch's claims of infringement of expired U.S. Patent No. 6,308,482 ("the '482 Patent") for failure to state a claim upon which relief can be granted. BlueLinx further moves to dismiss Kirsch's claims of infringement of U.S. Patent No. 8,765,251 ("the '251 Patent") for improper venue. BlueLinx respectfully requests that the Court dismiss the Complaint in its entirety.

## I.   INTRODUCTION

BlueLinx is a wholesale distributor of building products incorporated and headquartered in Marietta, Georgia. Ex. A (Smith Decl.), ¶¶ 3, 5. Kirsch's Complaint accuses BlueLinx of infringing two patents that relate generally to roofing underlayments. The two asserted patents—the '482 Patent and the '251 Patent—are in separate patent families, and Kirsch accuses completely separate product lines of infringing each patent. BlueLinx does not manufacture any of the accused products. *Id*. at ¶ 5. In Count I, Kirsch alleges that the ProLinx line of synthetic underlayment products infringes the '482 Patent, which expired before the Complaint was filed. Dkt. 1, ¶ 50. In Count II, Kirsch alleges that Owens Corning's RhinoRoof line of synthetic underlayment products infringes the '251 Patent. Dkt. 1, ¶ 60. For Count I, the Complaint fails to state a plausible claim for direct or indirect infringement, and for Count II, venue is improper because BlueLinx has not sold any RhinoRoof underlayment in this District.

*First*, with respect to Count I, the Complaint fails to plead sufficient facts that BlueLinx directly infringes the '482 Patent. Asserted claims 1 and 2 require "a roofing underlayment ***positioned between a roof support structure and an overlayment***"—a limitation specifically relied on during prosecution to distinguish the claims from the prior art. BlueLinx does not make, use, offer for sale, sell, or import any roofing underlayment positioned between a roofing support

1

structure and an overlayment, and the Complaint contains no such allegation. The Complaint (a) does not allege that BlueLinx makes, uses, sells, offers to sell, or imports any "roof support structure," and (b) does not allege that BlueLinx makes, uses, sells, offers to sell, or imports any underlayment "between a roof support structure and an overlayment." Nor could it. BlueLinx is a wholesale distributor who simply sells roofing underlayment in rolls before it is ever installed or otherwise used with a roof support structure. BlueLinx does not provide any "roof support structure," much less a roofing underlayment "positioned between a roof support structure and an overlayment," the entirety of which is required by the asserted claims. The Complaint thus lacks facts sufficient to support a reasonable inference that BlueLinx's products literally have the recited "roof support structure" limitation or any equivalent thereof.

There is also no plausible claim of induced or willful infringement of the '482 Patent. BlueLinx did not have knowledge of the '482 Patent until Kirsch filed its Complaint, which was after the '482 Patent had already expired. The Complaint lacks any facts under which BlueLinx plausibly had the required "knowledge" and intent needed for induced or willful infringement *during the term* of the '482 Patent. Post-expiration knowledge and conduct are insufficient to plead these claims because a patent cannot be infringed after its term expires. *Kimble v. Marvel Entm't*, LLC, 576 U.S. 446, 451 (2015). The Complaint thus contains no factual allegations that support induced or willful infringement prior to expiration of the '482 Patent.

*Second*, with respect to Count II, venue is not proper in the Western District of Texas. BlueLinx is not incorporated in Texas and has not committed any alleged acts of infringement of the '251 Patent in Texas. The Complaint does not plead facts to support any acts of infringement in the District, instead simply parroting the patent venue statute, 28 U.S.C. § 1400(b). Dkt. 1, ¶ 10. Nor could it plead sufficient facts. BlueLinx is incorporated in Georgia and has only sold the

accused RhinoRoof synthetic underlayment products in parts of the southeastern U.S. for all times relevant to this action. Ex. A (Smith Decl.), ¶¶ 6-7. BlueLinx has never made, used, sold, offered for sale, or imported any RhinoRoof underlayment in Texas, let alone in this District, during the last six years. *Id*. Accordingly, venue is improper for Kirsch's allegations of infringement of the '251 Patent.

Kirsch's Complaint fails on the pleadings. Kirsch cannot establish under any facts that BlueLinx infringed the '482 Patent before it expired or that venue is proper for its '251 Patent infringement allegations in this Court. The Complaint thus should be dismissed in its entirety.

## II.   BACKGROUND

BlueLinx is a building products wholesale distributor incorporated and headquartered in Georgia. *Id*. at ¶¶ 3, 5. BlueLinx does not manufacture any of the products accused of infringement in this case. Rather, BlueLinx is simply a reseller of those products. *Id*. at ¶ 5.

Kirsch filed its Complaint on April 24, 2020. Dkt. 1. In Count I of the Complaint, Kirsch accuses BlueLinx of directly infringing claims 1 and 2 of the '482 Patent by making, using, offering for sale, selling, and/or importing the ProLinx line of synthetic roofing underlayments, including ProLinx UDL 10, ProLinx UDL 20, and ProLinx UDL 30, and of "knowingly and intentionally" inducing infringement of claims 1 and 2. Dkt. 1, ¶¶ 49-58. Claims 1 and 2 of the '482 Patent recite:

1. <u>A roofing underlayment positioned between a roof support structure and an overlayment</u>, comprising:

   a reinforcing scrim of interwoven strands for supporting tensile forces in multiple directions; and

   at least one layer of thermoplastic material affixed to a side of the reinforcing scrim by extrusion lamination for providing a weather-resistant barrier.

2. The roofing underlayment of claim 1, further comprising a layer of slip-resistant material positioned over an outer surface of the roofing underlayment.

Dkt. 1-1 ('482 Patent), 6:20-30 (emphasis added).

Kirsch relies on Exhibit 3 to the Complaint for factual allegations purporting to show that BlueLinx directly infringes the structural limitations of claims 1 and 2. Dkt. 1, ¶ 52; Dkt. 1-3. The preamble of claim 1 (underlined above) is a structural limitation required to be present in the accused BlueLinx products, literally or by equivalents, for direct infringement by BlueLinx, as Kirsch apparently recognizes. Dkt. 1-3 at 2. Indeed, Kirsch specifically relied on the preamble limitation during prosecution to distinguish the claims from the prior art cited by the examiner. Ex. B ('482 Prosecution History), at 60-61. Specifically, in order to overcome the Peterson prior art reference in prosecution, Kirsch stated twice that independent Claim 1 "of the present invention *recites* a roofing underlayment positioned between a roof support structure and an overlayment," and that "*Peterson* fails to teach or suggest *the limitations recited* in" Claim 1. *Id.* (emphasis added). Thus, Claims 1 and 2 require "a roofing underlayment positioned between a roof support structure and an overlayment." Examples of a "roof support structure" are shown in the Complaint. Dkt. 1, ¶¶ 32-33.

BlueLinx does not make, use, offer for sale, sell, and/or import any roofing underlayment having a structural feature that could plausibly be a "roof support structure." No factual allegations sufficient for the Court to reasonably infer otherwise are pleaded. Instead, Kirsch merely states in its claim chart that "ProLinx UDL 10 is a roofing underlayment positioned between a roof support structure and an overlayment." Dkt. 1-3 at 2. This conclusory statement lacks any plausible factual allegations, and is plainly wrong. Moreover, the Complaint does not identify who allegedly provides the "roof support structure" or allegedly positions the underlayment "between a roof support structure and an overlayment." There is simply no identification of any roof support structure provided by BlueLinx in the Complaint or Exhibit 3 thereto. Nor could there be because

BlueLinx is a wholesale building products distributor that simply sells the ProLinx product itself in rolls before any actual installation of the product between a roof support structure and an overlayment. Kirsch does not and cannot allege otherwise.

Turning to Kirsch's claim for induced infringement, the '482 Patent issued from an application filed on March 15, 2000. Dkt. 1-1 ('482 Patent). The patent's 20-year term expired on March 15, 2020. *See* 35 U.S.C. § 154(a)(2). The claimed inventions became free for the public to use upon expiration, and acts occurring thereafter cannot be a basis for infringement as a matter of law. *Kimble*, 576 U.S. at 451.

Kirsch alleges for its inducement claim that BlueLinx's knowledge of the '482 Patent and the infringement thereof arose at the time Kirsch filed and served its Complaint. Dkt. 1, ¶ 51. But this purported knowledge occurred after the '482 Patent expired. The remainder of Kirsch's inducement claim relies solely on alleged conduct occurring after the Complaint was filed. *Id*. The Complaint does not contain any factual allegations plausibly showing that BlueLinx had the knowledge and intent required for induced infringement before the '482 Patent expired. This defect similarly applies to any purported willful infringement claim and associated relief.

In Count II of the Complaint, Kirsch accuses BlueLinx of directly infringing claims 1 and 11 of the '251 Patent by making, using, offering for sale, selling, and/or importing Owens Corning's RhinoRoof line of synthetic underlayment products, including RhinoRoof U10, RhinoRoof U15, RhinoRoof U20, and RhinoRoof RSA. 6. Dkt. 1, ¶¶ 59-68. The RhinoRoof line of synthetic underlayment products is a regional product line for BlueLinx. Ex. A (Smith Decl.), ¶ 7. BlueLinx's distribution of RhinoRoof line of synthetic underlayment products for the relevant time period is limited to parts of the southeastern United States. BlueLinx does not make, use, sell, offer for sale, or import any RhinoRoof synthetic underlayment product (including RhinoRoof

U10, RhinoRoof U15, RhinoRoof U20, or RhinoRoof RSA) in Texas, and has not done so for at least the past six years. *Id*. at ¶ 6.

## III.    LEGAL STANDARDS

### A.    Failure to State a Claim Under Rule 12(b)(6)

A complaint must "give…fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Dismissal for failure to state a claim under Rule 12(b)(6) is proper if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face" and "nudge[ the claims] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). While all well-pleaded factual allegations should be accepted as true and construed in the light most favorable to the non-movant, *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012), they must still be sufficient to "raise a right to relief above the speculative level." *Cevallos v. Silva*, 541 F. App'x 390, 392 (5th Cir. 2013) (citing *Twombly*, 550 U.S. at 555, 570). A court is "not bound to accept as true a legal conclusion couched as a factual allegation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. A claim is properly dismissed if its allegations only allow the court to infer "[t]he mere possibility of misconduct." *Cevallos*, 541 F. App'x at 392 (citing *Iqbal*, 556 U.S. at 679).

### B.    Direct Infringement

Stating a claim for direct infringement requires the plaintiff to plead facts that plausibly support a theory that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the [U.S.] or imports into the [U.S.] any patented invention during the

term of the patent." 35 U.S.C. § 271(a). The complaint must "provid[e] facts sufficient to create a plausible inference that each element of the [asserted] claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (infringement insufficiently pled; nothing in the complaint showed that a particular claim limitation was contained in the accused products); *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (direct infringement allegation lacking factual support remotely suggesting defendant makes, uses, offers to sell, or sells a product having all claim limitations was "constructed upon a fatally flawed foundation" that left the court "to wonder whether [plaintiff] performed a thorough pre-suit investigation"); *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-cv-2106 -PSG (SSx), 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (stating plaintiff must include allegations sufficient to permit the court "to infer that the accused product infringes each element of at least one claim"). While "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must [also] be enough to raise a right to relief above the speculative level." *Id*.

The limitations of an asserted patent claim that are required for infringement can include a claim's preamble. The preamble is considered a clear claim limitation when the patentee relies on it during prosecution to distinguish its claimed invention from the prior art. *Rotatable Techs. LLC v. Motorola Mobility LLC*, 567 F. App'x 941, 943 (Fed. Cir. 2014).

### C.    Induced Infringement and Willful Infringement

Pleading induced and willful infringement requires plausible factual allegations of "knowledge," including knowledge of the allegedly infringed patent, and intent. *Glob.-Tech*

*Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (inducement); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (same)); *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *2-4 (S.D. Tex. July 31, 2018) (willfulness).

Defendant's knowledge of the asserted patent, and that its acts encourage infringement of the patent by another, are essential elements of an inducement claim. *Glob.-Tech*, 563 U.S. at 765-66. Induced infringement of an expired patent must thus allege plausible facts showing that the defendant had the required knowledge and intent before the patent expired, while the patent was capable of being infringed, i.e., during its term, to survive dismissal. *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 556-57 (E.D. Tex. 2018); *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-CV-750, 2014 WL 2115616, at *1-2 (E.D. Tex. May 15, 2014); *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17cv2479-GPC(BLM), 2018 WL 2229364, at *2 (S.D. Cal. May 16, 2018). Allegations that merely repeat the language of § 271(b) without adding factual allegations, or that are merely conclusory and speculative, are properly dismissed. *See, e.g.*, *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-CV-365, 2014 WL 2892285, at *4-8 (W.D. Tex. May 12, 2014); *Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-cv-360-MHS, 2014 WL 12378804, at *4 (E.D. Tex. Oct. 14, 2014). The Complaint here contains no factual allegation that BlueLinx was aware of the patent prior to its expiration.

Further, simply alleging that the defendant was on constructive notice of the asserted patent falls short of pleading "knowledge," which must be actual or through willful blindness. *Glob.-Tech*, 563 U.S. at 769-71; *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372-73 (Fed. Cir. 2015); *Affinity Labs of Tex*, 2014 WL 2892285, at *6-7; *Lippert Components Mfg., Inc. v. MOR/ryde,*

*Inc.*, No. 3:16-cv-263 RLM-MGG, 2018 WL 345767, at *2 n.2 (N.D. Ind. Jan. 10, 2018) (mere marking allegation does not allow court to infer defendant had knowledge of the patent); *Radware, Ltd. v. A10 Networks, Inc.*, No. C–13–02021–RMW, 2013 WL 5373305, at *2-3 (N.D. Cal. Sept. 24, 2013) (constructive knowledge, such as through marking patented products, insufficient to plead actual knowledge). Thus, reliance by Kirsch on alleged marking cannot save its inducement claim.

Furthermore, a plaintiff who relies on willful blindness to plead knowledge must identify in its complaint affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal. *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937-38 (E.D. Tex. 2016); *see also Glob.-Tech*, 563 U.S. at 769-71. The Complaint here contains no such pleaded facts.

Similar to inducement, a claim for willful infringement must allege that the infringement was "intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-33 (2016). This requires at a minimum plausible factual allegations that the defendant actually knew of the asserted patent before it expired. *Id*. at 1933 (culpability for enhanced damages measured against defendant's knowledge at time of challenged conduct); *M & C Innovations*, 2018 WL 4620713, at *2-4 (discussing "knowledge" for pre-suit willfulness); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (knowledge of patent a prerequisite for enhanced damages).

### D.    Improper Venue for Patent Infringement Under Rule 12(b)(3)

It is well-established that "[v]enue must be proper for each claim that a plaintiff brings against a defendant." *Guajardo v. State Bar of Tex.*, 803 F. App'x 750, 755 (5th Cir. 2020); *see also DFW Aviation, LLC v. Mansfield Heliflight, Inc.*, No. 1:19-CV-481-LY, 2019 WL 5072883, at *2 (W.D Tex. Oct. 9, 2019) ("The general rule is that venue must be established for each separate cause of action alleged in the complaint."); 14D Wright & Miller, Fed. Prac. & Proc. § 3808 (4th

ed. 2020) ("[I]f the plaintiff asserts multiple claims against the defendant, venue must be proper for each claim.").

Venue for causes of action for patent infringement is governed by 28 U.S.C. § 1400(b), "the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Section 1400(b) provides that an action for patent infringement may be brought in either (a) "the judicial district where the defendant resides," or (b) the district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of the first prong of section 1400(b), a corporate defendant "resides" in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1520.

A defendant may move to dismiss a claim for improper venue under Rule 12(b)(3). Upon motion by a defendant challenging venue in a patent case, the plaintiff bears the burden of establishing proper venue under one of the two prongs of section 1400(b). *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). "A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts" establishing that venue is proper in the district. *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019). It is not "sufficient to parrot the language of § 1400(b)." *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (citations omitted))). Further, in deciding whether venue is proper, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations omitted).

## IV.    ARGUMENT

### A.    Kirsch Fails to Plausibly Plead Infringement of the Expired '482 Patent.

#### 1.    Kirsch Fails to State a Plausible Claim of Direct Infringement.

Kirsch's claim that BlueLinx directly infringes product claims 1 and 2 of the '482 Patent fails the plausibility standard for pleadings and should be dismissed. Dkt. 1, ¶ 50. Direct infringement of a product claim requires that every limitation be contained in the accused product, literally or by an equivalent. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). Here, the preamble of independent claim 1 reciting "a roofing underlayment positioned between a roof support structure and an overlayment" is a structural limitation of claims 1 and 2 that is required for infringement. The Complaint, however, fails to "provid[e] facts sufficient to create a plausible inference" that this limitation is included in the accused roofing underlayments. *Diem LLC*, 2017 WL 9935521, at *2; *see also Ruby Sands*, 2016 WL 3542430, at *4; *Metricolor*, 791 F. App'x at 188 (infringement insufficiently pled; nothing in the complaint showed that a particular claim limitation was contained in the accused products); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. 15-1720, 2017 WL 568781, at *3-5 (E.D. La. Feb. 13, 2017) (discussing direct infringement pleading requirement); *TeleSign Corp.*, 2016 WL 4703873, at *3 ("[P]laintiff must include allegations sufficient to permit the court 'to infer that the accused product infringes each element of at least one claim.'" (citation omitted)). BlueLinx cannot be a direct infringer as a matter of law in view of this missing structural limitation in its accused products.

#### i.    The prosecution history establishes that the preamble of claim 1 is limiting.

There can be no dispute that the entire preamble of claim 1 is a positively recited claim limitation of the '482 Patent that must be satisfied by BlueLinx in order for it to be a direct infringer.

11

The preamble is considered a clear claim limitation when the patentee relies on it during prosecution to distinguish its claimed invention from the prior art. *Rotatable Techs.*, 567 F. App'x at 943. Here, the patentee clearly relied upon the preamble during prosecution of the '482 Patent to distinguish over the prior art, so that the preamble is limiting with respect to the claim.[1] Importantly, Kirsch represented during prosecution that claim 1 "recites a roofing underlayment positioned between a roof support structure and an overlayment," and successfully argued that an anticipating prior art reference "fails to teach or suggest a roofing underlayment positioned between a roof support structure and a roofing overlayment." Ex. B ('482 Prosecution History), at 52-53, 60-61. Kirsch not only argued this distinction, but also represented to the patent examiner that these were "limitations recited in independent Claims 1 and 21…" *Id*. at 61. The claims were then allowed without further action on the merits. *Id.* at 76. Kirsch's clear reliance on the preamble during prosecution to distinguish the claimed invention from the prior art, and unequivocal statements about the scope of the claim, mandates that the preamble is a positively recited limitation of the claim. *Rotatable Techs.*, 567 F. App'x at 943 (preamble limiting).

### ii.      The accused ProLinx products lack a "roof support structure."

Kirsch must plead plausible factual allegations that BlueLinx makes, uses, offers to sell, sells, or imports a product that contains every structural limitation recited in asserted claims 1 and 2, including "a roofing underlayment positioned between a roof support structure and an overlayment," for direct infringement. *See Diem LLC*, 2017 WL 9935521, at *2; *Ruby Sands*, 2016

---

[1] This Court can consider documents attached to a Rule 12(b)(6) motion that are referenced by the complaint or integral to the claim. *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409-10 (5th Cir. 2013). The '482 Patent prosecution history is integral to Kirsch's infringement claim as it is part of the intrinsic record of the '482 Patent and is necessary for establishing the basis of Kirsch's claims. *See Amgen Inc. v. Coherus BioSciences Inc.*, 931 F.3d 1154, 1158-59 (Fed. Cir. 2019) (considering prosecution history to determine claim scope when considering motion to dismiss).

WL 3542430, at *4; *Metricolor*, 791 F. App'x at 188 (patent infringement insufficiently pled as nothing in the complaint showed that a particular claim limitation was contained in the accused products); *Wright's Well Control Servs.*, 2017 WL 568781, at *3-5 (plausible factual allegations relating to every limitation of a claim required for court to reasonably infer direct infringement); *see also TeleSign Corp.*, 2016 WL 4703873, at *3. Examples of a "roof support structure" are shown in the Complaint. Dkt. 1, ¶¶ 32-33. Kirsch does not, and cannot, satisfy the requirements for pleading direct infringement by BlueLinx because BlueLinx's accused products do not contain any structure that could plausibly be "a roof support structure," literally or by equivalents.

The Complaint contains no such allegation. Importantly, the Complaint (a) does not allege that BlueLinx makes, uses, sells, offers to sell, or imports any "roof support structure" as recited in the claims, and (b) does not allege that BlueLinx makes, uses, sells, offers to sell, or imports any underlayment "between a roof support structure and an overlayment" as required by the claims.

Instead, Kirsch baldly states that "ProLinx UDL 10 is a roofing underlayment positioned between a roof support structure and an overlayment." Dkt. 1-3, at 2. This conclusory statement lacks any plausible factual allegations. Kirsch does not identify any alleged roofing support structure provided by BlueLinx (because there is none) or how any ProLinx product sold by BlueLinx is allegedly provided to its customers as positioned "between a roof support structure and an overlayment" (it is not when sold by BlueLinx). It is telling that Kirsch's Complaint includes no photographs of any ProLinx product that, when sold by BlueLinx, has any feature that could be a "roof support structure." The accused products are sold on rolls, and when sold, are plainly not positioned between a roof support structure and an overlayment. Kirsch's conclusory statement is insufficient to survive a motion to dismiss and its claim that BlueLinx directly

infringes the '482 Patent is not "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Kirsch's direct infringement claim is fatally flawed and must be dismissed with prejudice as futile. *Twombly*, 550 U.S. at 555, 570; *Smith v. Hous. Indep. Sch. Dist.,* 229 F. Supp. 3d 571, 576 (S.D. Tex. 2017).

## 2. Kirsch Fails to State a Plausible Claim of Induced Infringement.

Kirsch's claim that BlueLinx "knowingly and intentionally" induces infringement of the '482 Patent is not plausible, fails as a matter of law, and should be dismissed with prejudice. The '482 Patent expired before Kirsch filed its Complaint. Kirsch therefore must allege plausible facts showing that BlueLinx possessed the knowledge and intent required for induced infringement of the '482 Patent before it expired on March 15, 2020. As explained below, the Complaint does not (and cannot) satisfy this pleading requirement.

### i. BlueLinx had no knowledge of the '482 Patent before it expired.

The Complaint does not identify that BlueLinx had any actual knowledge of the '482 Patent before Kirsch filed its Complaint and thus had knowledge of the patent before it expired. This is fatal to Kirsch's inducement claim. Without such knowledge, BlueLinx cannot have induced infringement of the patent as a matter of law. *IDB Ventures*, 360 F. Supp. 3d at 556-57; *Babbage Holdings*, 2014 WL 2115616, at *1-2; *Clinicomp*, 2018 WL 2229364, at *2. No plausible theory of the knowledge required for inducement has been pleaded, nor can it. There are no factual allegations from which this Court can reasonably infer that, before the '482 Patent expired, BlueLinx knew of the patent and knew its acts encouraged infringement of the patent by another. *Id*.

Kirsch implicitly acknowledges this shortcoming by relying solely on the filing and service of its Complaint for this requirement. Dkt. 1, ¶ 51. In fact, the entirety of Kirsch's inducement

claim is predicated solely on knowledge and conduct occurring after the '482 Patent expired in March 2020. *Id*. A facially plausible claim for induced infringement of a patent that expired before the complaint was filed, though, cannot be based solely on knowledge the defendant acquired after the patent expired. *IDB Ventures*, 360 F. Supp. 3d at 556-57; *Babbage Holdings*, 2014 WL 2115616, at *1-2; *Clinicomp*, 2018 WL 2229364, at *2.

Paragraphs 55 (purporting to allege BlueLinx's willful blindness to its own direct infringement) and 56 (purporting to allege actual or constructive knowledge through marking) cannot supply the facial plausibility required for the inducement claim to survive dismissal. Both are conclusory, insufficient, and unsupported by any well-pleaded facts. *Affinity Labs of Tex.*, 2014 WL 2892285, at *4-8; *see also Script Sec. Sols.*, 170 F. Supp. 3d at 937-38 (requirements for pleading willful blindness in the context of inducement); *Lippert Components*, 2018 WL 345767, at *2 n.2 (marking allegation insufficient to infer defendant knew of the patent); *Radware*, 2013 WL 5373305, at *2-3 (same).

The Complaint contains no alleged facts under which BlueLinx plausibly had the required "knowledge" and intent needed for induced or willful infringement during the term of the '482 patent. Post-expiration knowledge and conduct are insufficient to plead inducement because a patent cannot be infringed after its term expires. *Kimble*, 576 U.S. at 451.

   **ii.**  **Mere allegations of marking allegedly patented products does not plead the required "knowledge" or "willful blindness" for induced infringement.**

Kirsch's conclusory marking allegation at ¶ 56 of the Complaint also fails to give rise to a plausible theory of "knowledge." The mere fact that Kirsch allegedly marked some undisclosed products that allegedly compete with the accused products with the '482 Patent is legally insufficient to plead actual knowledge or willful blindness. *See, e.g.*, *Radware*, 2013 WL 5373305, at *2-3 (marking allegation insufficient to plead actual knowledge); *Lippert Components*, 2018

WL 345767, at *2 n.2 (marking allegation does not allow the court to infer defendant knew of the patent); *Script Sec. Sols.*, 170 F. Supp. 3d at 937-38 (willful blindness for inducement requires complaint to identify "affirmative actions taken by [the defendant] to avoid gaining actual knowledge of the [patent]" (citation omitted)). Constructive knowledge also cannot satisfy the "knowledge" required for pleading inducement. *Affinity Labs of Tex.*, 2014 WL 2892285, at *6-7 (willful blindness cannot be pleaded by constructive notice); *Radware*, 2013 WL 5373305, at *2-3 (allegation of constructive knowledge through marking falls short of pleading actual knowledge). This Court simply cannot infer from ¶ 56 that BlueLinx had "knowledge"—actual or through willful blindness—of both the '482 Patent and its infringement before the patent expired. *See Info-Hold*, 783 F.3d at 1372-73; *Lippert Components*, 2018 WL 345767, at *2 n.2; *Radware*, 2013 WL 5373305, at *2-4.

### 3.    Kirsch Fails to State a Plausible Claim of Willful Infringement.

To the extent Kirsch's Complaint can be read to allege that BlueLinx's purported infringement of the '482 Patent is "willful"—a statement appearing only in the Prayer for Relief—it fails as a matter of law for essentially the same reason that the induced infringement claim fails. There are no plausible factual allegations from which one could reasonably infer that BlueLinx knew of the '482 Patent before it expired, let alone that it intentionally or knowingly infringed the patent. *WBIP*, 829 F.3d at 1341 (prerequisite for enhanced damages is knowledge of the patent); *M & C Innovations*, 2018 WL 4620713, at *2-4 (pre-suit willfulness claim requires knowledge of the patent); *Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *2-3 (E.D. Tex. Mar. 27, 2013) (willfulness claim in original complaint must be grounded exclusively in defendant's pre-suit conduct and requires knowledge of the patent); *see also Halo Elecs.*, 136 S. Ct. at 1932-33; *supra* Section A(2)(i). Kirsch's failure to sufficiently plead willful infringement precludes enhanced damages and also precludes Kirsch from an award of

attorneys' fees based on willfulness.[2]

### B.    Venue Is Improper for Kirsch's Allegations of Infringement of the '251 Patent.

In Count II, Kirsch alleges infringement of the '251 Patent by Owens Corning's RhinoRoof line of roofing underlayment—a completely separate product line from the products accused in Count I. This District is an improper venue for Kirsch's cause of action for infringement of the '251 Patent set forth in Count II of the Complaint. Dkt. 1, ¶¶ 59-68. Venue for causes of action for patent infringement is governed by 28 U.S.C. § 1400(b), "the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland*, 137 S. Ct. at 1519. Section 1400(b) provides that an action for patent infringement may be brought in either (a) "the judicial district where the defendant resides," or (b) the district "where the defendant has committed acts of infringement and has a regular and established place of business." Kirsch has not and cannot satisfy either of the two prongs of section 1400(b). The Court should therefore dismiss Kirsch's allegations of infringement of the '251 Patent for improper venue under Rule 12(b)(3).

### 1.    BlueLinx Does Not Reside in this District.

Venue is not proper in this District under the first prong of section 1400(b). Under the first prong, a corporate defendant "resides" in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1520. As stated in the Complaint, BlueLinx is incorporated in Georgia and its principal place of business is in Marietta, Georgia. Dkt. 1, ¶ 7; Ex. A (Smith Decl.), ¶ 3. BlueLinx thus resides in

---

[2] In addition to dismissing Kirsch's claims that BlueLinx infringes the '482 Patent and related requests for enhanced damages and attorneys' fees, this Court should dismiss Kirsch's request for injunctive relief. Dkt. 1, ¶ 57. The '482 Patent expired before Kirsch filed its Complaint, and the availability of injunctive relief is thus foreclosed to Kirsch. *Lans v. Dig. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("district court cannot enjoin [a party] from infringing an expired patent"); *Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*, 754 F.2d 345, 347 (Fed. Cir. 1985) (injunctive relief moot where patent expired).

Georgia—not in this District. Accordingly, venue is not proper under the first prong.

### 2. BlueLinx Has Not Committed Any Acts of Infringement of the '251 Patent in this District.

Venue is also not proper in this District under the second prong of section 1400(b). Under the second prong, venue is proper only "where the defendant has committed acts of infringement **and** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). BlueLinx has not committed any act of infringement of the '251 Patent in this District, and venue is thus not proper here.

The Complaint contains no factual allegations identifying any acts of infringement in this District. Rather, the Complaint only includes a conclusory assertion that "Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent." Dkt. 1, ¶ 10. Conclusory allegations such as this one "masquerading as factual conclusions will not suffice to prevent a motion to dismiss" under Rule 12(b)(3). *Westech Aerosol Corp.*, 927 F.3d at 1382 (quoting *Taylor*, 296 F.3d at 378). "A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts" establishing that venue is proper in the district. *Id*.

In addition to being insufficient, the venue allegations are incorrect. BlueLinx has not committed any alleged act of infringement in this District or the State of Texas. Submitted with this motion is a declaration of BlueLinx employee Carolyn Smith. This declaration is properly considered when deciding whether venue is proper. *Ambraco*, 570 F.3d at 238 (holding that when deciding questions of venue "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments" (citation omitted)). Ms. Smith explains that the RhinoRoof line of synthetic underlayment products that is accused of

infringement (Dkt 1, ¶ 60) is a regional product line for BlueLinx, sold only in parts of the southeastern U.S.—not in Texas—in at least the last six years. Ex. A (Smith Decl.), ¶ 7. BlueLinx has not made, used, sold, offered for sale, or imported the accused RhinoRoof products in Texas for at least the last six years. *Id*. at ¶ 6; 35 U.S.C. § 286 (limiting damages for patent infringement to the six-year period before filing of the Complaint); *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 137 S. Ct. 954, 957 (2017) ("[N]o recovery shall be had for any infringement committed more than six years prior to the filing of the complaint…").

Finally, dismissing this claim for lack of venue will not prejudice Kirsch. As stated in the Complaint, Kirsch resides in California and BlueLinx resides in Georgia, neither of which is close to this District. Dkt. 1, ¶¶ 6-7. BlueLinx's declarant resides in Georgia. Ex. A (Smith Decl.), ¶ 1. Moreover, Kirsch has already sued Owens Corning, the manufacturer of the accused RhinoRoof product, for patent infringement of the same products in the Northern District of Ohio. *Kirsch Research and Development LLC v. Owens Corning et al.*, No. 1:20-cv-00901 (N.D. Ohio). There is also a pending ITC investigation involving the same patent and RhinoRoof products in which Owens Corning is a respondent. *In re Certain Synthetic Roof Underlayment Products and Components Thereof*, No. 337-TA-1202 (I.T.C.). Any recovery from Owens Corning regarding its sale of RhinoRoof products will exhaust Kirsch's patent rights and ability to recover from BlueLinx for any alleged infringement of the '251 Patent. *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008) ("The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item.").

Because BlueLinx does not sell any accused RhinoRoof products in Texas and there are no plausible allegations in the Complaint of any actual act of infringement in Texas, venue is not proper in this District. Kirsch has not met its burden to establish proper venue under either of the

two prongs of section 1400(b). *In re ZTE (USA) Inc.*, 890 F.3d at 1013. The Court should therefore dismiss Kirsch's allegations of infringement of the '251 Patent.

## V.    CONCLUSION

Kirsch's claims that BlueLinx infringes the '482 Patent should be dismissed for failure to state a claim upon which relief can be granted, and Kirsch's claims that BlueLinx infringes the '251 Patent should be dismissed for improper venue. For the foregoing reasons, the Court should dismiss this case in its entirety.

Dated: July 21, 2020                            Respectfully submitted,

By: */s/ Cole B. Ramey*
      Cole B. Ramey
      Texas Bar No. 16494980

KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone:    (214) 922-7126
Facsimile:    (214) 292-9419
Email:        cramey@kilpatricktownsend.com

Vaibhav P. Kadaba (*pro hac vice* pending)
David A. Reed (*pro hac vice* pending)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone:    (404) 815-6500
Facsimile:    (404) 815-6555
Email:        wkadaba@kilpatricktownsend.com
              dreed@kilpatricktownsend.com

*Attorney for Defendant*
*BlueLinx Corporation*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on the date below all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: July 21, 2020                          /s/ *Cole B. Ramey*
                                                      Cole B. Ramey

                                                      *Attorney for Defendant*
                                                      *BlueLinx Corporation*