**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC, | |
| Plaintiff, | Case No. 6:20-cv-00316-ADA |
| v. | |
| BLUELINX CORPORATION, | |
| Defendant. | |

**DEFENDANT BLUELINX CORPORATION'S**
**MOTION TO DISMISS PURSUANT TO RULES 12(b)(3) AND 12(b)(6)**

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II.  BACKGROUND ...................................................................................................3

III.  LEGAL STANDARDS ..........................................................................................6

    A.  Failure to State a Claim Under Rule 12(b)(6).........................................6

    B.  Direct Infringement..................................................................................7

    C.  Induced Infringement and Willful Infringement......................................8

    D.  Improper Venue for Patent Infringement Under Rule 12(b)(3)..............10

IV.  ARGUMENT......................................................................................................11

    A.  Kirsch Fails to Plausibly Plead Infringement of the Expired '482 Patent. ...........11

        1.  Kirsch Fails to State a Plausible Claim of Direct Infringement...............11

            i.  The prosecution history establishes that the preamble of claim 1 is limiting. ........................................................12

            ii.  The accused products lack a "roof support structure." .................13

        2.  Kirsch Fails to State a Plausible Claim of Induced Infringement.............14

            i.  Plausible factual allegations that BlueLinx actually knew of the '482 Patent before it expired are not, and cannot be, pleaded. ........................................................15

            ii.  Mere allegations of marking allegedly patented products does not plead the required "knowledge" or "willful blindness" for induced infringement..............................................16

        3.  Kirsch Fails to State a Plausible Claim of Willful Infringement. ..............17

    B.  Venue Is Improper for Kirsch's Allegations of Infringement of the '251 and '482 Patents for Product Lines Not Sold in this Judicial District. .................18

        1.  BlueLinx Does Not Reside in this District. ..............................................18

        2.  BlueLinx Has Not Committed Any Acts of Infringement With Regard to the Owens Corning or Continental Product Lines in this District.............................................................18

V.  CONCLUSION.....................................................................................20

# **TABLE OF AUTHORITIES**

## **Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................... 9, 15, 16, 17

*Ambraco, Inc. v. Bossclip B.V.*,
  570 F.3d 233 (5th Cir. 2009) ........................................................................... 11, 19

*Amgen Inc. v. Coherus BioSciences Inc.*,
  931 F.3d 1154 (Fed. Cir. 2019) .................................................................................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 6, 7, 14

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
  No. 2:13-CV-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ..................................... 8, 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ *passim*

*Bowlby v. City of Aberdeen*,
  681 F.3d 215 (5th Cir. 2012) ............................................................................................ 6

*Cevallos v. Silva*,
  541 F. App'x 390 (5th Cir. 2013) ............................................................................. 6, 7, 14

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
  No. 17cv2479-GPC(BLM), 2018 WL 2229364 (S.D. Cal. May 16, 2018) ........................ 8, 15

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ........................... 8

*DFW Aviation, LLC v. Mansfield Heliflight, Inc.*,
  No. 1:19-CV-481-LY, 2019 WL 5072883 (W.D Tex. Oct. 9, 2019) ..................................... 10

*Diem LLC v. BigCommerce, Inc.*,
  No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017) ........... 7, 11, 12, 13

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ........................................................................................................ 8, 9

*Guajardo v. State Bar of Tex.*,
  803 F. App'x 750 (5th Cir. 2020) ...................................................................................... 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) ............................................................................................... 10, 18

*Hazelquist v. Guchi Moochie Tackle Co., Inc.*,
   437 F.3d 1178 (Fed. Cir. 2006) ........................................................ 10, 18

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*,
   360 F. Supp. 3d 541 (E.D. Tex. 2018) ................................................ 8, 15

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ............................................................ 8

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018) ........................................................... 11

*Info-Hold, Inc. v. Muzak LLC*,
   783 F.3d 1365 (Fed. Cir. 2015) ........................................................ 9, 17

*Kimble v. Marvel Entm't,* LLC,
   576 U.S. 446 (2015) ............................................................................. 5

*Laitram Corp. v. Rexnord, Inc.*,
   939 F.2d 1533 (Fed. Cir. 1991) .......................................................... 11

*Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*,
   No. 3:16-cv-263 RLM-MGG, 2018 WL 345767 (N.D. Ind. Jan. 10, 2018) ................. 9, 15, 17

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
   No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ............... 8, 10, 17

*Metricolor LLC v. L'Oreal S.A.*,
   791 F. App'x 183 (Fed. Cir. 2019) ............................................... 7, 12, 13

*Meyers v. Textron, Inc.*,
   540 F. App'x 408 (5th Cir. 2013) ........................................................ 12

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
   No. 6:13-cv-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ............... 9, 16

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
   553 U.S. 617 (2008) .......................................................................... 1, 20

*Radware, Ltd. v. A10 Networks, Inc.*,
   No. C–13–02021–RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013) ............ 9, 15, 17

*Rotatable Techs. LLC v. Motorola Mobility LLC*,
   567 F. App'x 941 (Fed. Cir. 2014) ............................................... 8, 12, 13

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
   No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ........... 7, 12, 13

*SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC,*
    137 S. Ct. 954 (2017) ............................................................................ 20

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.,*
    170 F. Supp. 3d 928 (E.D. Tex. 2016) .............................................. 9, 17

*Smith v. Hous. Indep. Sch. Dist.,*
    229 F. Supp. 3d 571 (S.D. Tex. 2017) .................................................. 14

*Taylor v. Books A Million, Inc.,*
    296 F.3d 376 (5th Cir. 2002) ............................................................ 11, 19

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC,*
    137 S. Ct. 1514 (2017) ............................................................. 10, 11, 18

*TeleSign Corp. v. Twilio, Inc.,*
    No. CV 16-cv-2106 -PSG (SSx), 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ............ 7, 12, 13

*Touchscreen Gestures LLC v. Research in Motion Ltd.,*
    No. 6:12-cv-263, 2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) .................. 17, 18

*Tucker v. U.S. Dep't of Army,*
    42 F.3d 641 (5th Cir. 1995) ................................................................... 10

*WBIP, LLC v. Kohler Co.,*
    829 F.3d 1317 (Fed. Cir. 2016) ....................................................... 10, 17

*Westech Aerosol Corp. v. 3M Co.,*
    927 F.3d 1378 (Fed. Cir. 2019) ....................................................... 11, 19

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.,*
    No. 15-1720, 2017 WL 568781 (E.D. La. Feb. 13, 2017) ..................... 12, 13

*Zond, Inc. v. SK Hynix Inc.,*
    No. 13-11591, 2014 WL 346008 (D. Mass. Jan. 31, 2014) ........................ 9, 16

## <u>Statutes</u>

28 U.S.C. § 1400(b) ..................................................................... *passim*

35 U.S.C. § 154(a)(2) ............................................................................ 5

35 U.S.C. § 271(a) ................................................................................ 7

35 U.S.C. § 271(b) ................................................................................ 8

35 U.S.C. § 286 .................................................................................. 20

**Rules & Regulations**

Fed. R. Civ. P. 12(b)(3)...................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)................................................................................................. 1, 6, 12

**Other Authorities**

14D Wright & Miller, Fed. Prac. & Proc. § 3808 (4th ed. 2020) ................................................ 10

Pursuant to Rules 12(b)(3) and 12(b)(6), Defendant BlueLinx Corporation ("BlueLinx") respectfully moves this Court to dismiss the First Amended Complaint ("Complaint" or "FAC") of Plaintiff Kirsch Research and Development, LLC ("Kirsch"). BlueLinx moves to dismiss Kirsch's claims of infringement of expired U.S. Patent No. 6,308,482 ("the '482 Patent") for failure to state a claim upon which relief can be granted. BlueLinx further moves to dismiss for improper venue Kirsch's claims of infringement of the '482 Patent and U.S. Patent No. 8,765,251 ("the '251 Patent") based on products never sold in this judicial district.

## I. INTRODUCTION

BlueLinx is a wholesale distributor of building products incorporated and headquartered in Marietta, Georgia. Ex. A (Smith Decl.), ¶¶ 3, 6. Kirsch's Complaint accuses BlueLinx of infringing two patents that relate generally to roofing products. BlueLinx is simply a reseller and does not manufacture any of the accused products. *Id.* at ¶ 6. In Count I, Kirsch alleges that the ProLinx[1] line of synthetic underlayment products and "other synthetic underlayment products"[2] infringe the '482 Patent, which expired before the Complaint was filed. Dkt. 24, ¶ 56. In Count II, Kirsch alleges that the ProLinx and Owens Corning's RhinoRoof lines of synthetic underlayment products[3] infringe the '251 Patent. Dkt. 24, ¶ 64. For Count I, the Complaint fails to state a

---

[1] Kirsch has reached agreement on material terms of settlement with System Components in co-pending litigation in which the accused ProLinx sales are licensed and Kirsch's claims released, thereby exhausting Kirsch's rights as to those products. *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 621 (2008). BlueLinx expects that Kirsch will dismiss those allegations.

[2] For Count I, Kirsch has served preliminary infringement contentions (Ex. C) that expand Kirsch's infringement allegations for the '482 Patent to synthetic underlayment products manufactured by Tarco, Continental, and Owens Corning. To the extent Kirsch's allegations of infringement of those other products are considered at the Rule 12 stage, they should be dismissed for the same reasons as the pleaded ProLinx allegations as detailed herein.

[3] For Count II, the Complaint does not accuse "other synthetic underlayment products." *Compare* Dkt. 24, ¶ 56 *with* ¶ 64. Kirsch's preliminary infringement contentions for the '251 Patent are limited to the ProLinx and Owens Corning RhinoRoof lines identified in the Complaint. *See* Ex. C, at 96-134, 157-257.

plausible claim for direct or indirect infringement. And for both Counts, venue is improper for any causes of action for infringement based on underlayments manufactured by Owens Corning or Continental because BlueLinx has not sold any of those product lines in this District.

*First*, with respect to Count I, the Complaint fails to plead sufficient facts that BlueLinx directly infringes the '482 Patent. The asserted claims require "a roofing underlayment ***positioned between a roof support structure and an overlayment***"—a limitation specifically relied on during prosecution to distinguish the claims from the prior art. BlueLinx does not make, use, offer for sale, sell, or import any roofing underlayment positioned between a roofing support structure and an overlayment, and the Complaint contains no such plausible allegation. Nor could it. BlueLinx is a wholesale distributor who simply resells roofing underlayment in rolls before it is ever installed or otherwise used with a roof support structure. BlueLinx does not provide any "roof support structure," much less the recited roofing underlayment "positioned between a roof support structure and an overlayment."

There is also no plausible claim of induced or willful infringement of the '482 Patent. BlueLinx did not have knowledge of the '482 Patent until Kirsch filed its original complaint, which was ***after the '482 Patent had already expired***. Kirsch's amended Complaint unsuccessfully attempts to fix the deficiencies in the original by pleading a new theory about purported (but unidentified) trade show activity that rests solely on speculation and suspicions—not plausible allegations of actual knowledge. Kirsch fails to identify any specific trade shows, much less plead that BlueLinx actually attended any such trade shows. And even if BlueLinx had attended such a trade show, there are no plausible facts in the Complaint that BlueLinx gained actual knowledge of the patents by its attendance at any such trade shows. Bald speculation is not enough. Kirsch fails to adequately plead the required "knowledge" or intent needed for induced or willful

infringement prior to expiration of the '482 Patent.

*Second*, with respect to any causes of action for infringement based on sales of Owens Corning or Continental products in either Count, venue is not proper in the Western District of Texas. BlueLinx is not incorporated in Texas and has committed no alleged acts of infringement with regard to Owens Corning or Continental underlayment products in the Western District of Texas for all times relevant to this case. Ex. A (Smith Decl.), ¶¶ 7-9. The Complaint does not plead facts to support any acts of infringement in the District, instead simply parroting the patent venue statute, 28 U.S.C. § 1400(b). Dkt. 24, ¶ 10. Nor could it plead sufficient facts. BlueLinx is incorporated in Georgia and does not sell Owens Corning or Continental underlayments in this judicial district. Ex. A (Smith Decl.), ¶¶ 3, 7-9. BlueLinx has never made, used, sold, offered for sale, or imported any Owens Corning RhinoRoof or Titanium underlayment in Texas, let alone in this District, during the last six years. *Id*. Nor has BlueLinx made, used, sold, offered for sale, or imported any Continental Xtreme Weather Warrier underlayment in this judicial district in the last six years. *Id*.

## II.    BACKGROUND

BlueLinx is a building products wholesale distributor incorporated and headquartered in Georgia. *Id*. at ¶¶ 3, 6. BlueLinx does not manufacture any of the products accused of infringement in this case. Rather, BlueLinx is simply a reseller of those products. *Id*. at ¶ 6.

Kirsch filed its First Amended Complaint on August 11, 2020. Dkt. 24. In Count I of the Complaint, Kirsch accuses BlueLinx of directly infringing claims 1 and 2 of the '482 Patent by making, using, offering for sale, selling, and/or importing the ProLinx line of synthetic roofing underlayments, including ProLinx UDL 10, ProLinx UDL 20, and ProLinx UDL 30, and of "knowingly and intentionally" inducing infringement of claims 1 and 2. Dkt. 24, ¶¶ 55-62. Claims 1 and 2 of the '482 Patent recite:

1. <u>A roofing underlayment positioned between a roof support structure and an overlayment</u>, comprising:

    a reinforcing scrim of interwoven strands for supporting tensile forces in multiple directions; and

    at least one layer of thermoplastic material affixed to a side of the reinforcing scrim by extrusion lamination for providing a weather-resistant barrier.

2. The roofing underlayment of claim 1, further comprising a layer of slip-resistant material positioned over an outer surface of the roofing underlayment.

Dkt. 24-1 ('482 Patent), 6:20-30 (emphasis added).

Kirsch relies on Exhibit 3 to the Complaint for factual allegations purporting to show that BlueLinx directly infringes the structural limitations of claims 1 and 2.[4] Dkt. 24, ¶ 58; Dkt. 24-3. The preamble of claim 1 (underlined above) is a structural limitation required to be present in the accused BlueLinx products, literally or by equivalents, for direct infringement by BlueLinx, as Kirsch apparently recognizes. Dkt. 24-3 at 2. Indeed, Kirsch specifically relied on the preamble limitation during prosecution to distinguish the claims from the prior art cited by the examiner. Ex. B ('482 Prosecution History), at 60-61. Specifically, in order to overcome the Peterson prior art reference in prosecution, Kirsch stated twice that independent Claim 1 "of the present invention *recites* a roofing underlayment positioned between a roof support structure and an overlayment," and that "*Peterson* fails to teach or suggest *the limitations recited* in" Claim 1. *Id.* (emphasis added). Thus, Claims 1 and 2 require "a roofing underlayment positioned between a roof support structure and an overlayment." Examples of a "roof support structure" are shown in the Complaint. Dkt. 24, ¶¶ 32-33.

BlueLinx does not make, use, offer for sale, sell, and/or import any roofing underlayment

---

[4] Kirsch's infringement contentions contain substantively identical allegations of infringement of the '482 Patent for the Tarco, Continental, and Owens Corning products, and those allegations fail for the same reasons as those detailed in the Complaint. Ex. C, at 8-257 (claim charts)

having a structural feature that could plausibly be a "roof support structure." No factual allegations sufficient for the Court to reasonably infer otherwise are pleaded. Instead, Kirsch merely states in its claim chart that "ProLinx UDL 10 is a roofing underlayment positioned between a roof support structure and an overlayment." Dkt. 24-3 at 2. This conclusory statement lacks any plausible factual allegations, and is plainly wrong. Moreover, the Complaint does not identify who allegedly provides the "roof support structure" or allegedly positions the underlayment "between a roof support structure and an overlayment." There is simply no identification of any roof support structure provided by BlueLinx in the Complaint or Exhibit 3 thereto. Nor could there be because BlueLinx is a wholesale building products distributor that simply sells the ProLinx product itself in rolls before any actual installation of the product between a roof support structure and an overlayment. Kirsch does not and cannot allege otherwise.

Turning to Kirsch's claim for induced infringement, the '482 Patent issued from an application filed on March 15, 2000. Dkt. 24-1 ('482 Patent). The patent's 20-year term expired on March 15, 2020. *See* 35 U.S.C. § 154(a)(2). The claimed inventions became free for the public to use upon expiration, and acts occurring thereafter cannot be a basis for infringement as a matter of law. *Kimble v. Marvel Ent.,* LLC, 576 U.S. 446, 451 (2015).

Kirsch alleges for its inducement claim that on information and belief BlueLinx "may have obtained and studied Kirsch's marked materials as a result of its trade show presence." Dkt. 24, ¶ 53. Kirsch does not identify any specific trade shows, does not allege that Defendant attended any such trade shows, and does not plead any facts that would support actual knowledge of the '482 Patent based on any attendance at trade shows. Dkt. 24, ¶¶ 47-54. There is nothing in the Complaint beyond pure speculation that would support a finding that BlueLinx actually knew about the '482 Patent before the original complaint was filed. And knowledge at the time of the

original complaint is insufficient. That knowledge occurred after the '482 Patent expired. The remainder of Kirsch's inducement claim relies solely on alleged conduct occurring after the Complaint was filed. *Id*. This defect similarly applies to any purported willful infringement claim and associated relief.

In Count II, Kirsch accuses BlueLinx of infringing the '251 Patent by making, using, offering for sale, selling, and/or importing the Owens Corning RhinoRoof line of synthetic underlayment products. Dkt. 24, ¶¶ 63-70. Moreover, in its preliminary infringement contentions, Kirsch expands its allegations under Count I to accuse the Owens Corning RhinoRoof, Owens Corning Titanium, and Continental Xtreme Weather Warrier underlayments. Ex. C, 83-147. Those Owens Corning and Continental product lines have not been sold by BlueLinx in the Western District of Texas for at least the past six years. Ex. A (Smith Decl.), ¶¶ 7-9.

## III. LEGAL STANDARDS

### A. Failure to State a Claim Under Rule 12(b)(6)

A complaint must "give…fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Dismissal for failure to state a claim under Rule 12(b)(6) is proper if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face" and "nudge[ the claims] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). While all well-pleaded factual allegations should be accepted as true and construed in the light most favorable to the non-movant, *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012), they must still be sufficient to "raise a right to relief above the speculative level." *Cevallos v. Silva*, 541 F. App'x 390, 392 (5th Cir. 2013) (citing

*Twombly*, 550 U.S. at 555, 570). A court is "not bound to accept as true a legal conclusion couched as a factual allegation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. A claim is properly dismissed if its allegations only allow the court to infer "[t]he mere possibility of misconduct." *Cevallos*, 541 F. App'x at 392 (citing *Iqbal*, 556 U.S. at 679).

## B. Direct Infringement

Stating a claim for direct infringement requires the plaintiff to plead facts that plausibly support a theory that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the [U.S.] or imports into the [U.S.] any patented invention during the term of the patent." 35 U.S.C. § 271(a). The complaint must "provid[e] facts sufficient to create a plausible inference that each element of the [asserted] claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (infringement insufficiently pled; nothing in the complaint showed that a particular claim limitation was contained in the accused products); *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (direct infringement allegation lacking factual support remotely suggesting defendant makes, uses, offers to sell, or sells a product having all claim limitations was "constructed upon a fatally flawed foundation" that left the court "to wonder whether [plaintiff] performed a thorough pre-suit investigation"); *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-cv-2106 -PSG (SSx), 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (stating plaintiff must include allegations sufficient to permit the court "to infer that the accused product infringes each element of at least one claim"). While "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"Factual allegations must [also] be enough to raise a right to relief above the speculative level." *Id.*

The limitations of an asserted patent claim that are required for infringement can include a claim's preamble. The preamble is considered a clear claim limitation when the patentee relies on it during prosecution to distinguish its claimed invention from the prior art. *Rotatable Techs. LLC v. Motorola Mobility LLC*, 567 F. App'x 941, 943 (Fed. Cir. 2014).

### C. Induced Infringement and Willful Infringement

Pleading induced and willful infringement requires plausible factual allegations of "knowledge," including knowledge of the allegedly infringed patent, and intent. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (inducement); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (same)); *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *2-4 (S.D. Tex. July 31, 2018) (willfulness).

Defendant's knowledge of the asserted patent, and that its acts encourage infringement of the patent by another, are essential elements of an inducement claim. *Glob.-Tech*, 563 U.S. at 765-66. Thus, induced infringement of an expired patent must allege plausible facts showing that the defendant had the required knowledge and intent before the patent expired, while the patent was capable of being infringed, i.e., during its term, to survive dismissal. *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 556-57 (E.D. Tex. 2018); *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-CV-750, 2014 WL 2115616, at *1-2 (E.D. Tex. May 15, 2014); *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17cv2479-GPC(BLM), 2018 WL 2229364, at *2 (S.D. Cal. May 16, 2018). Allegations that merely repeat the language of § 271(b) without adding factual allegations, or that are merely conclusory and speculative, are properly dismissed.

*See, e.g.*, *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-CV-365, 2014 WL 2892285, at *4-8 (W.D. Tex. May 12, 2014); *Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-cv-360-MHS, 2014 WL 12378804, at *4 (E.D. Tex. Oct. 14, 2014). The Complaint here contains no plausible factual allegations beyond pure speculation that BlueLinx was aware of the patent prior to its expiration.

Further, simply alleging that the defendant was on constructive notice of the asserted patent falls short of pleading "knowledge," which must be actual or through willful blindness. *Glob.-Tech*, 563 U.S. at 769-71; *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372-73 (Fed. Cir. 2015); *Affinity Labs of Tex*, 2014 WL 2892285, at *6-7; *Lippert Components Mfg., Inc. v. MOR/ryde, Inc.*, No. 3:16-cv-263 RLM-MGG, 2018 WL 345767, at *2 n.2 (N.D. Ind. Jan. 10, 2018) (mere marking allegation does not allow court to infer defendant had knowledge of the patent); *Radware, Ltd. v. A10 Networks, Inc.*, No. C–13–02021–RMW, 2013 WL 5373305, at *2-3 (N.D. Cal. Sept. 24, 2013) (constructive knowledge, such as through marking patented products, insufficient to plead actual knowledge). Thus, reliance by Kirsch on alleged marking cannot save its inducement claim. Nor can reliance by Kirsch on any alleged attendance by BlueLinx at a trade show. *See e.g.*, *Zond, Inc. v. SK Hynix Inc.*, No. 13-11591, 2014 WL 346008, at *2 (D. Mass. Jan. 31, 2014) (pre-suit "knowledge" through trade show attendance insufficiently pleaded; no employee of defendant was alleged to have actually received a Zond handout or to have spoken with anyone at Zond).

Furthermore, a plaintiff who relies on willful blindness to plead knowledge must identify in its complaint affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal. *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937-38 (E.D. Tex. 2016); *see also Glob.-Tech*, 563 U.S. at 769-71. The Complaint here contains no such pleaded facts.

Similar to inducement, a claim for willful infringement must allege that the infringement was "intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-33 (2016). This requires, at a minimum, plausible factual allegations that the defendant actually knew of the asserted patent before it expired. *Id.* at 1933 (culpability for enhanced damages measured against defendant's knowledge at time of challenged conduct); *M & C Innovations*, 2018 WL 4620713, at *2-4 (discussing "knowledge" for pre-suit willfulness); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (knowledge of patent a prerequisite for enhanced damages).

### D. Improper Venue for Patent Infringement Under Rule 12(b)(3)

Federal Circuit "case law clearly states that each act of patent infringement gives rise to a separate cause of action." *Hazelquist v. Guchi Moochie Tackle Co., Inc.*, 437 F.3d 1178, 1180 (Fed. Cir. 2006). "[V]enue must be proper as to each distinct cause of action." *Tucker v. U.S. Dep't of Army*, 42 F.3d 641 (5th Cir. 1995); *see also Guajardo v. State Bar of Tex.*, 803 F. App'x 750, 755 (5th Cir. 2020); *DFW Aviation, LLC v. Mansfield Heliflight, Inc.*, No. 1:19-CV-481-LY, 2019 WL 5072883, at *2 (W.D Tex. Oct. 9, 2019) ("The general rule is that venue must be established for each separate cause of action alleged in the complaint."); 14D Wright & Miller, Fed. Prac. & Proc. § 3808 (4th ed. 2020) ("[I]f the plaintiff asserts multiple claims against the defendant, venue must be proper for each claim.").

Venue for causes of action for patent infringement is governed by 28 U.S.C. § 1400(b), "the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Section 1400(b) provides that an action for patent infringement may be brought in either (a) "the judicial district where the defendant resides," or (b) the district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of the first prong of section 1400(b), a corporate defendant "resides" in its state of incorporation. *TC*

*Heartland*, 137 S. Ct. at 1520.

A defendant may move to dismiss a claim for improper venue under Rule 12(b)(3). Upon motion by a defendant challenging venue in a patent case, the plaintiff bears the burden of establishing proper venue under one of the two prongs of section 1400(b). *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). "A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts" establishing that venue is proper in the district. *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019). It is not "sufficient to parrot the language of § 1400(b)." *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (citations omitted))). Further, in deciding whether venue is proper, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations omitted).

## IV.    ARGUMENT

### A.    Kirsch Fails to Plausibly Plead Infringement of the Expired '482 Patent.

#### 1.    Kirsch Fails to State a Plausible Claim of Direct Infringement.

Kirsch's claim that BlueLinx directly infringes claims 1 and 2 of the '482 Patent fails the plausibility standard for pleadings and should be dismissed. Dkt. 24, ¶ 56. Direct infringement of a product claim requires that every limitation be contained in the accused product, literally or by an equivalent. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). Here, the preamble of independent claim 1 reciting "a roofing underlayment positioned between a roof support structure and an overlayment" is a structural limitation of claims 1 and 2 that is required for infringement. The Complaint, however, fails to "provid[e] facts sufficient to create a plausible inference" that this limitation is included in the accused roofing underlayments. *Diem LLC*, 2017

WL 9935521, at *2; *see also Ruby Sands*, 2016 WL 3542430, at *4; *Metricolor*, 791 F. App'x at 188 (infringement insufficiently pled; nothing in the complaint showed that a particular claim limitation was contained in the accused products); *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. 15-1720, 2017 WL 568781, at *3-5 (E.D. La. Feb. 13, 2017) (discussing direct infringement pleading requirement); *TeleSign Corp.*, 2016 WL 4703873, at *3 ("[P]laintiff must include allegations sufficient to permit the court 'to infer that the accused product infringes each element of at least one claim.'" (citation omitted)). BlueLinx cannot be a direct infringer as a matter of law in view of this completely missing structural limitation in its accused products.

### i.    The prosecution history establishes that the preamble of claim 1 is limiting.

There can be no dispute that the entire preamble of claim 1 is a positively recited claim limitation of the '482 Patent that must be satisfied by BlueLinx in order for it to be a direct infringer.

The preamble is considered a clear claim limitation when the patentee relies on it during prosecution to distinguish its claimed invention from the prior art. *Rotatable Techs.*, 567 F. App'x at 943. Here, the patentee clearly relied upon the preamble during prosecution of the '482 Patent to distinguish over the prior art, so that the preamble is limiting with respect to the claim.[5] Importantly, Kirsch represented during prosecution that claim 1 "recites a roofing underlayment positioned between a roof support structure and an overlayment," and successfully argued that an

---

[5] This Court can consider documents attached to a Rule 12(b)(6) motion that are referenced by the complaint or integral to the claim. *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409-10 (5th Cir. 2013). The '482 Patent prosecution history is integral to Kirsch's infringement claim as it is part of the intrinsic record of the '482 Patent and is necessary for establishing the basis of Kirsch's claims. *See Amgen Inc. v. Coherus BioSciences Inc.*, 931 F.3d 1154, 1158-59 (Fed. Cir. 2019) (considering prosecution history to determine claim scope when considering motion to dismiss).

anticipating prior art reference "fails to teach or suggest a roofing underlayment positioned between a roof support structure and a roofing overlayment." Ex. B ('482 Prosecution History), at 52-53, 60-61. Kirsch not only argued this distinction, but also represented to the patent examiner that these were "limitations recited in independent Claims 1 and 21…" *Id*. at 61. The claims were then allowed without further action on the merits. *Id*. at 76. Kirsch's clear reliance on the preamble during prosecution to distinguish the claimed invention from the prior art, and unequivocal statements about the scope of the claim, mandates that the preamble is a positively recited limitation of the claim. *Rotatable Techs.*, 567 F. App'x at 943 (preamble limiting).

### ii. The accused products lack a "roof support structure."

Kirsch must plead plausible factual allegations that BlueLinx makes, uses, offers to sell, sells, or imports a product that contains every structural limitation recited in asserted claims 1 and 2, including "a roofing underlayment positioned between a roof support structure and an overlayment," for direct infringement. *See Diem LLC*, 2017 WL 9935521, at *2; *Ruby Sands*, 2016 WL 3542430, at *4; *Metricolor*, 791 F. App'x at 188 (patent infringement insufficiently pled as nothing in the complaint showed that a particular claim limitation was contained in the accused products); *Wright's Well Control Servs.*, 2017 WL 568781, at *3-5 (plausible factual allegations relating to every limitation of a claim required for court to reasonably infer direct infringement); *see also TeleSign Corp.*, 2016 WL 4703873, at *3. Examples of a "roof support structure" are shown in the Complaint. Dkt. 24, ¶¶ 32-33. Kirsch does not, and cannot, satisfy the requirements for pleading direct infringement by BlueLinx because BlueLinx's accused products do not contain any structure that could plausibly be "a roof support structure," literally or by equivalents.

The Complaint contains no such allegation. The Complaint (a) does not allege that BlueLinx makes, uses, sells, offers to sell, or imports any "roof support structure" as recited in the claims, and (b) does not allege that BlueLinx makes, uses, sells, offers to sell, or imports any

underlayment "between a roof support structure and an overlayment" as required by the claims.

Instead, Kirsch baldly states that "ProLinx UDL 10 is a roofing underlayment positioned between a roof support structure and an overlayment." Dkt. 24-3, at 2. This conclusory statement lacks any plausible factual allegations. Kirsch does not identify any alleged roofing support structure provided by BlueLinx (there is none) or how any product sold by BlueLinx is allegedly provided to its customers as positioned "between a roof support structure and an overlayment" (it is not when sold by BlueLinx). It is telling that Kirsch's Complaint includes no photographs of any product that, when sold by BlueLinx, has any feature that could be a "roof support structure." The accused products are sold on rolls, and when sold, are plainly not positioned between a roof support structure and an overlayment. Kirsch's conclusory statement is insufficient to survive a motion to dismiss and its claim that BlueLinx directly infringes the '482 Patent is not "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Kirsch's direct infringement claim is fatally flawed and must be dismissed with prejudice as futile. *Twombly*, 550 U.S. at 555, 570; *Smith v. Hous. Indep. Sch. Dist.*, 229 F. Supp. 3d 571, 576 (S.D. Tex. 2017).

## 2. Kirsch Fails to State a Plausible Claim of Induced Infringement.

BlueLinx did not have any actual knowledge of the '482 Patent until Kirsch filed the original complaint—after the patent expired. The original complaint alleged a theory of induced infringement based solely on the filing and service of that complaint. Dkt. 1, ¶ 51. After BlueLinx sought dismissal of Kirsch's allegation of inducement of an expired patent based on service of the complaint (Dkt. 16, at 14-16), Kirsch conjured a new theory of pre-expiration knowledge based on Kirsch's own product marking and presence at trade shows. Dkt. 24, ¶¶ 47-54. But Kirsch fails to allege any facts showing how BlueLinx gained knowledge of the Kirsch patents based on Kirsch's own activities. *Id.* This new theory remains deficient and fails to raise a right to relief for induced infringement "*above the speculative level.*" *Cevallos*, 541 F. App'x. at 392 (citing

*Twombly*, 550 U.S. at 555) (emphasis added). The Complaint does not (and cannot) satisfy the pleading requirement for induced infringement.

> **i.    Plausible factual allegations that BlueLinx actually knew of the '482 Patent before it expired are not, and cannot be, pleaded.**

Kirsch must plead factual allegations from which a reasonable inference can be made that BlueLinx actually knew of the '482 Patent and the infringement before the patent expired. *IDB Ventures*, 360 F. Supp. 3d at 556-57; *Babbage Holdings*, 2014 WL 2115616, at *1-2; *Clinicomp*, 2018 WL 2229364, at *2. Marking and constructive notice do not suffice. *Affinity Labs of Tex.*, 2014 WL 2892285, at *4-8; *Lippert Components*, 2018 WL 345767, at *2 n.2 (marking allegation insufficient to infer defendant knew of the patent); *Radware*, 2013 WL 5373305, at *2-3 (same).

The original complaint relied solely on the filing and service of that complaint to allege the knowledge required of induced infringement. Dkt. 1, ¶ 51. And the remainder of its inducement theory relied on alleged conduct occurring at the time of and after the complaint—which was after the patent expired. *Id*. This theory failed to raise a facially plausible claim for induced infringement because a claim for inducement cannot be based solely on knowledge the defendant acquired after the patent expired. *IDB Ventures*, 360 F. Supp. 3d at 556-57; *Babbage Holdings*, 2014 WL 2115616, at *1-2; *Clinicomp*, 2018 WL 2229364, at *2. BlueLinx moved to dismiss. Dkt. 16.

Now Kirsch switches gears to advance a new theory of inducement with a related section of the Complaint entitled "Defendant's Knowledge of the Asserted Patents." Dkt. 24, ¶¶ 49-54. Kirsch attempts to establish BlueLinx's knowledge of the asserted patents before they expired based on Kirsch's own purported trade show activities. But this new theory does not actually allege any facts beyond pure speculation and suspicions that BlueLinx actually learned of Kirsch's patents. Indeed, the most that Kirsch could plead is that BlueLinx "may have" received marked materials and learned about the Kirsch patents. Dkt. 24, ¶ 53. This bald speculation is wholly

insufficient.

The Complaint pleads only Kirsch's general reputation in the industry, that Kirsch marks its products and literature, and that Kirsch attends industry trade shows. Dkt 24, ¶¶ 47-52. But the Complaint does not identify any particular trade show purportedly attended by Kirsch or its representative Mark Strait. Dkt. 24, ¶ 51. Moreover, these are all activities by Kirsch—not BlueLinx. The Complaint fails to allege that BlueLinx ever even attended such undisclosed trade shows much less gained actual knowledge of the Kirsch patents. *See* Dkt. 24, ¶¶ 49-54. There is no identification of any show that was attended by both Kirsch and BlueLinx, and no identification of any instance in which BlueLinx would have gained actual knowledge of Kirsch's patents. *Id*. All Kirsch can state is that "[o]n information and belief, Defendant **may have** obtained and studied Kirsch's marked materials as a result of its trade show presence." Dkt. 24, ¶ 53 (emphasis added). This statement exposes Kirsch's allegations for what they are—speculation. And speculation is not enough to plead induced infringement. Indeed, Courts have declined to accept these types of allegations because to do so "would be to sweep up as an infringement defendant anyone who is hazarded on a guess to have attended an industry…show." *SK Hynix*, 2014 WL 346008, at *2 (pre-suit "knowledge" through trade show attendance insufficiently pleaded).

Kirsch's new section on BlueLinx's alleged knowledge does nothing to push its infringement theory above the speculative level and is insufficient to permit a reasonable inference that BlueLinx actually knew of the '482 Patent and infringement thereof before it expired. Allegations that are merely conclusory and speculative are properly dismissed. *See e.g.*, *Nobelbiz*, 2014 WL 12378804, at *4; *Affinity Labs of Tex.*, 2014 WL 2892285, at *4-8.

        **ii.**    **Mere allegations of marking allegedly patented products does not plead the required "knowledge" or "willful blindness" for induced infringement.**

Kirsch's conclusory marking and "willful blindness" allegation at ¶ 57 of the Complaint

also fails to give rise to a plausible theory of "knowledge." The mere fact that Kirsch allegedly marked some undisclosed products that allegedly compete with the accused products with the '482 Patent is legally insufficient to plead actual knowledge or willful blindness. *See, e.g.*, *Radware*, 2013 WL 5373305, at *2-3 (marking allegation insufficient to plead actual knowledge); *Lippert Components*, 2018 WL 345767, at *2 n.2 (marking allegation does not allow the court to infer defendant knew of the patent); *Script Sec. Sols.*, 170 F. Supp. 3d at 937-38 (willful blindness for inducement requires complaint to identify "affirmative actions taken by [the defendant] to avoid gaining actual knowledge of the [patent]" (citation omitted)). Constructive knowledge also cannot satisfy the "knowledge" required for pleading inducement. *Affinity Labs of Tex.*, 2014 WL 2892285, at *6-7 (willful blindness cannot be pleaded by constructive notice); *Radware*, 2013 WL 5373305, at *2-3 (allegation of constructive knowledge through marking falls short of pleading actual knowledge). This Court simply cannot infer from ¶ 57 that BlueLinx had "knowledge"— actual or through willful blindness—of both the '482 Patent and its infringement before the patent expired. *See Info-Hold*, 783 F.3d at 1372-73; *Lippert Components*, 2018 WL 345767, at *2 n.2; *Radware*, 2013 WL 5373305, at *2-4.

### 3. Kirsch Fails to State a Plausible Claim of Willful Infringement.

Kirsch's amended Complaint includes for the first time allegations that BlueLinx's alleged infringement of the '482 Patent "has been willful." Dkt. 24, ¶ 61. This allegation fails as a matter of law for the same reason that the induced infringement claim fails. There are no plausible factual allegations from which one could reasonably infer that BlueLinx knew of the '482 Patent before it expired, let alone that it intentionally or knowingly infringed the patent. *WBIP*, 829 F.3d at 1341 (prerequisite for enhanced damages is knowledge of the patent); *M & C Innovations*, 2018 WL 4620713, at *2-4 (pre-suit willfulness claim requires knowledge of the patent); *Touchscreen Gestures LLC v. Research in Motion Ltd.*, No. 6:12-cv-263, 2013 WL 8505349, at *2-3 (E.D. Tex.

Mar. 27, 2013) (willfulness claim in original complaint must be grounded exclusively in defendant's pre-suit conduct and requires knowledge of the patent); *see also Halo Elecs.*, 136 S. Ct. at 1932-33; *supra* Section A(2)(i). Kirsch's failure to sufficiently plead willful infringement precludes enhanced damages and any award of attorneys' fees based on willfulness.

### B. Venue Is Improper for Kirsch's Allegations of Infringement of the '251 and '482 Patents for Product Lines Not Sold in this Judicial District.

This District is an improper venue for Kirsch's causes of action for infringement for product lines not sold in this judicial district. It is well established that each act of alleged patent infringement "gives rise to a separate cause of action." *Hazelquist*, 437 F.3d at 1180. Section 1400(b) provides that an cause of action for patent infringement may be brought in either (a) "the judicial district where the defendant resides," or (b) the district "where the defendant has committed acts of infringement and has a regular and established place of business." Kirsch has not and cannot satisfy either of the two prongs of section 1400(b) for the Owens Corning and Continental product lines. The Court should therefore dismiss those allegations of infringement for improper venue under Rule 12(b)(3).

### 1. BlueLinx Does Not Reside in this District.

Venue is not proper in this District under the first prong of section 1400(b). Under the first prong, a corporate defendant "resides" in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1520. As stated in the Complaint, BlueLinx is incorporated in Georgia and its principal place of business is in Marietta, Georgia. Dkt. 24, ¶ 7; Ex. A (Smith Decl.), ¶ 3. BlueLinx thus resides in Georgia—not in this District. Accordingly, venue is not proper under the first prong.

### 2. BlueLinx Has Not Committed Any Acts of Infringement With Regard to the Owens Corning or Continental Product Lines in this District.

Venue is also not proper in this District under the second prong of section 1400(b) as to Kirsch's causes of action for infringement based on sales of the Owens Corning or Continental

product lines. Under the second prong, venue is proper only "where the defendant has committed acts of infringement **and** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). BlueLinx has not committed any act of infringement with respect to Owens Corning or Continental products in this District, and venue is thus not proper here.

The Complaint contains no factual allegations identifying any acts of infringement in this District. Rather, the Complaint only includes a conclusory assertion that "Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent." Dkt. 24, ¶ 10. Conclusory allegations such as this one "masquerading as factual conclusions will not suffice to prevent a motion to dismiss" under Rule 12(b)(3). *Westech Aerosol Corp.*, 927 F.3d at 1382 (quoting *Taylor*, 296 F.3d at 378). "A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts" establishing that venue is proper in the district. *Id.*

In addition to being insufficient, the venue allegations are incorrect. BlueLinx has not committed any alleged act of infringement with respect to Owens Corning or Continental products in this District. Submitted with this motion is a declaration of BlueLinx employee Carolyn W. Smith. This declaration is properly considered when deciding whether venue is proper. *Ambraco*, 570 F.3d at 238 (holding that when deciding questions of venue "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments" (citation omitted)). Ms. Smith explains that the Owens Corning RhinoRoof and Titanium lines of synthetic underlayment products that are accused of infringement (Dkt. 24, ¶ 64) are a regional product line for BlueLinx not sold in this District. Ex. A (Smith Decl.), ¶¶ 7-8. Likewise, Ms. Smith explains that BlueLinx has not sold any Continental underlayment in this

District. Id. at ¶ 9. BlueLinx has not made, used, sold, offered for sale, or imported the accused Owens Corning or Continental products, and thus has not committed any act of infringement with respect to those products, in the Western District of Texas during all times relevant to this action. *Id*. at ¶¶ 7-9; 35 U.S.C. § 286 (limiting damages for patent infringement to the six-year period before filing of the Complaint); *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 957 (2017) ("[N]o recovery shall be had for any infringement committed more than six years prior to the filing of the complaint…").

Finally, dismissing this claim for lack of venue will not prejudice Kirsch. As stated in the Complaint, Kirsch resides in California and BlueLinx resides in Georgia, neither of which is close to this District. Dkt. 24, ¶¶ 6-7. BlueLinx's declarant resides in Georgia. Ex. A (Smith Decl.), ¶ 1. Moreover, Kirsch has already sued Owens Corning and Continental for patent infringement of the same products in other districts. *Kirsch Research and Development LLC v. Owens Corning et al.*, No. 1:20-cv-00901 (N.D. Ohio); *Kirsch Research and Development LLC v. Continental Materials, Inc.*, No. 3:20-cv-01025 (N.D. Tex.). Any recovery from Owens Corning and Continental regarding their sales will exhaust Kirsch's patent rights and ability to recover from BlueLinx for any alleged infringement of the same patents. *Quanta.*, 553 U.S. at 625.

BlueLinx does not sell any accused Owens Corning or Continental products in this judicial district and the Complaint lacks any plausible allegations of acts of infringement as to those products in this District. Thus, venue is not proper for those causes of action and the Court should dismiss Kirsch's infringement allegations as to those products.

## V.    CONCLUSION

For the foregoing reasons, Kirsch's claims of infringement of the '482 Patent should be dismissed for failure to state a claim upon which relief can be granted, and Kirsch's claims of infringement based on products never sold in this District should be dismissed for improper venue.

Dated: September 17, 2020                    Respectfully submitted,

By: */s/ Cole B. Ramey*
      Cole B. Ramey
      Texas Bar No. 16494980

KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone:   (214) 922-7126
Facsimile:   (214) 292-9419
Email:       cramey@kilpatricktownsend.com

Vaibhav P. Kadaba (admitted *pro hac vice*)
David A. Reed (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone:   (404) 815-6500
Facsimile:   (404) 815-6555
Email:       wkadaba@kilpatricktownsend.com
             dreed@kilpatricktownsend.com

*Attorney for Defendant*
*BlueLinx Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on the date below all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and via email.

Dated: September 17, 2020          /s/ *Cole B. Ramey*
                                   Cole B. Ramey

                                   *Attorney for Defendant*
                                   *BlueLinx Corporation*