**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BLUELINX CORPORATION, <br><br> Defendant. | Case No. 6:20-cv-00316-ADA |

**DEFENDANT BLUELINX CORPORATION'S OPPOSED MOTION TO STAY
PENDING FINAL RESOLUTION OF PLAINTIFF'S MANUFACTURER LAWSUITS**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................1

II.   BACKGROUND .................................................................................................................2

      A.     This Case................................................................................................................2

      B.     The Manufacturer Cases .......................................................................................2

III.  ARGUMENT.......................................................................................................................3

      A.     The Court Should Stay the Case Under the Customer-Suit
            Exception Factors..................................................................................................4

            1.     BlueLinx is a Mere Reseller While Owens Corning, Tarco, and
                   Continental are the True Defendants in this Dispute. ..............................5

            2.     BlueLinx Agrees to be Bound by the Outcomes of the Owens
                   Corning, Tarco, and Continental Cases. .....................................................7

            3.     The Manufacturers are the Only Source of the Accused Products. .............8

            4.     Staying The Case Will Serve the Principles of Efficiency and
                   Comity........................................................................................................8

      B.     The General Stay Factors Weigh in Favor of Staying This Case ...........................9

            1.     A Stay Will Not Unduly Prejudice Kirsch or Present a Clear
                   Tactical Disadvantage ................................................................................9

            2.     A Stay Will Simplify the Issues in Question Because the
                   Manufacturer Matters Will Resolve the Liability Allegations
                   Against BlueLinx .....................................................................................10

            3.     Discovery Is Not Complete and No Trial Date Has Been Set. ..................10

IV.  CONCLUSION..................................................................................................................10

# **TABLE OF AUTHORITIES**

*Anderson v. Red River Waterway Comm'n,*
 231 F.3d 211 (5th Cir. 2000) ........................................................................................... 3

*Collaborative Agreements, LLC v. Adobe Sys. Inc.,*
 No. 1-14-CV-356-LY, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015) .......................... 4, 7

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.,*
 No. A-13-CA-1025-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ........................... 9

*CyWee Grp. Ltd. v. Huawei Device Co. Ltd.,*
 No. 2:17-CV-495-WCB, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) ........................... 7, 8

*Glenayre Elecs., Inc. v. Jackson,*
 443 F.3d 851 (Fed. Cir. 2006) .......................................................................................... 6

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.,*
 No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) ........... 4, 5, 7, 8, 9

*In re Genentech, Inc.,*
 566 F.3d 1338 (Fed. Cir. 2009) ........................................................................................ 9

*In re Google Inc.,*
 588 F. App'x 988 (Fed. Cir. 2014) ................................................................................... 4, 8

*In re Nintendo of Am., Inc.,*
 756 F.3d 1363 (Fed. Cir. 2014) ........................................................................................ 3, 4, 5, 8

*Kahn v. Gen. Motors Corp.,*
 889 F.2d 1078 (Fed. Cir. 1989) ........................................................................................ 7

*Katz v. Lear Siegler, Inc.,*
 909 F.2d 1459 (Fed. Cir. 1990) ........................................................................................ 4, 6

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,*
 342 U.S. 180 (1952) .......................................................................................................... 6

*Landis v. N. Am. Co.,*
 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936) .......................................................... 3

*Quanta Comput., Inc. v. LG Elecs., Inc.,*
 553 U.S. 617 (2008) .......................................................................................................... 2

*Shifferaw v. Emson USA,*
 No. 2:09-CV-54-TJW-CE, 2010 WL 1064380 (E.D. Tex. Mar. 18, 2010) ....................... 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.,*
    657 F.3d 1349 (Fed. Cir. 2011)......................................................................................4, 5, 6, 8

*SZ DJI Tech. Co. v. Autel Robotics USA LLC,*
    No. 16-706-LPS, 2019 WL 1244948 (D. Del. Mar. 18, 2019).................................................10

*Toshiba Corp. v. Hynix Semiconductor, Inc.,*
    No. Civ.A.3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005)...........................5

*United States v. Colomb*,
    419 F.3d 292 (5th Cir. 2005) ....................................................................................................8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)...............................................................................................10

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*,
    751 F.2d 721 (5th Cir. 1997) ................................................................................................8, 9

*Wolf Designs, Inc. v. Donald McEvoy Ltd.*,
    341 F. Supp. 2d 639 (N.D. Tex. 2004) .....................................................................................9

I.      INTRODUCTION

Defendant BlueLinx Corporation ("BlueLinx") respectfully moves the Court to stay this case pending resolution of duplicative cases filed by Plaintiff Kirsch Research and Development LLC ("Kirsch") against the suppliers of the accused products—Owens Corning, Tarco Specialty Products ("Tarco"), and Continental Materials, Inc. ("Continental").

BlueLinx does not manufacture the synthetic roofing underlayment products accused of infringement in this case. Rather, BlueLinx is simply a distributor of products made by Tarco, Continental, and Owens Corning. On the same day that Kirsch filed this case, Kirsch filed separate cases against Tarco, Continental, and Owens Corning. Those manufacturers are the true defendants in this dispute, and the cases against them will resolve Kirsch's infringement allegations in this case against their customer BlueLinx. Indeed, Kirsch's claims against the accused ProLinx products in this case have *already* been resolved by Kirsch's settlement with BlueLinx's supplier, System Components Corp., in yet another case filed on the same day.[1] The same will occur for the remaining products at issue, either by settlement or judicial resolution.

It would be an enormous waste of resources to litigate this case now over the exact same infringement allegations that Kirsch has already chosen to bring against the manufacturers of the accused products in other cases. To conserve resources and prevent duplicative parallel litigation, the Court has the power to stay this case under the customer-suit doctrine and its inherent power to promote efficiency and judicial economy. The Federal Circuit has repeatedly held that litigation against manufacturers should take precedence over suits against customers like BlueLinx. Moreover, to facilitate a stay and avoid any prejudice to Kirsch, BlueLinx is prepared to stipulate

---

[1] *Kirsch Rsch. & Dev., LLC v. Sys. Components Corp.*, No. 5:20-cv-903, Dkt. 25 (N.D. Ohio Sept. 30, 2020) (Joint Stipulation of Dismissal With Prejudice); *see In re Certain Synthetic Roofing Underlayment Prods. & Components Thereof*, No. 337-TA-1202, Order No. 18 (ITC Oct. 22, 2020) (terminating System Components and attaching settlement agreement as Exhibit A).

1

to be bound in this case by the final outcome of the cases against the manufacturers. This stipulation will ensure that final resolution of Kirsch's suits against the manufacturers will resolve the infringement and invalidity issues in this case. BlueLinx accordingly requests that the Court stay this case pending final resolution of the Owens Corning, Tarco, and Continental cases.

## II.   BACKGROUND

### A.   This Case

On April 24, 2020, Kirsch filed this case, alleging that BlueLinx, a building products wholesale distributor incorporated and headquartered in Georgia, infringed expired U.S. Patent No. 6,308,482 (the "'482 Patent") and U.S. Patent No. 8,765,251 (the "'251 Patent") by selling certain roofing products. Specifically, Kirsch has alleged that BlueLinx infringes the expired '482 Patent by selling underlayment products manufactured by Tarco, Continental, Owens Corning, and System Components. *See* Ex. 1, at Ex. A-K. Kirsch also has alleged that BlueLinx infringes the '251 Patent by selling underlayment products manufactured by Owens Corning and System Components. *Id.* at Exs. F, I-K.

Kirsch settled with System Components in the co-pending litigation. Pursuant to the agreed upon terms, BlueLinx's sales of any products made by System Components and its affiliates are licensed and Kirsch's claims released, thereby exhausting Kirsch's claims against BlueLinx as to those products. *See Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 621 (2008).

Kirsch's only remaining allegations against BlueLinx are for sales of the Owens Corning, Tarco, and Continental products. BlueLinx has moved to dismiss those allegations (Dkt. 32).

### B.   The Manufacturer Cases

On April 24, 2020—the same day it filed this case—Kirsch filed separate complaints against several underlayment manufacturers including Owens Corning, Tarco, and Continental. Kirsch sued Owens Corning in the Northern District of Ohio asserting both the '482 and '251

Patents.[2] Kirsch sued Tarco in this District asserting the '482 Patent.[3] Kirsch sued Continental in the Northern District of Texas asserting the '482 Patent. The Continental case was transferred to the Eastern District of Pennsylvania.[4] All of the claims asserted here against BlueLinx—solely a distributor—overlap with those asserted against Owens Corning, Tarco and Continental.

Kirsch also filed a complaint against certain manufacturers, including Owens Corning, at the ITC asserting the '251 Patent. *In the Matter of Certain Synthetic Roofing Underlayment Prods. & Components Thereof*, No. 337-TA-1202. The ITC instituted the investigation on May 26, 2020, set trial for February 3, 2021, and identified November 1, 2021 as the date for resolution of the ITC investigation. Ex. 2.

### III.   ARGUMENT

If not dismissed altogether, the Court should stay this case under the customer-suit exception and the general stay factors favoring judicial efficiency. A trial court has broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-5, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014). This is particularly true when, as here, resolution of the claims against the manufacturers would inherently resolve the claims against the

---

[2] *Kirsch Rsch. & Dev. LLC v. Owens Corning et al*, No. 1:20-cv-00901 (N.D. Oh).
[3] *Kirsch Rsch. & Dev. LLC v. Tarco Specialty Prods.*, No. 6:20-cv-00318 (W.D. Tex.).
[4] *Kirsch Rsch. & Dev. LLC v. Continental Materials, Inc.*, No. 2:20-cv-04033 (E.D. Pa.).

customer (BlueLinx). *Id.* at 1365; *see also Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 1-14-CV-356-LY, 2015 WL 10818739, at *2 (W.D. Tex. Aug. 21, 2015).

### A.  The Court Should Stay the Case Under the Customer-Suit Exception Factors

The customer-suit exception provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This rule "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The Federal Circuit has held that these principles govern in cases like this, where the suit against the customer (BlueLinx) and manufacturer are filed at the same time. *Nintendo*, 756 F.3d at 1365.

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

Courts consider three factors to evaluate a stay: "(1) whether the consumers in the first-filed action are mere resellers of products manufactured by the party in the second-filed action; (2) whether the consumers in the first-filed action have agreed to be bound by any decision in the

4

second-filed action, and; (3) whether the manufacturers in the second-filed action are the only source of the allegedly infringing activity or product." *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398, at *5 n.3 (E.D. Tex. Jan. 25, 2017). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

### 1. BlueLinx is a Mere Reseller While Owens Corning, Tarco, and Continental are the True Defendants in this Dispute

The allegations against BlueLinx are the same as those against the manufacturers, and staying the action against BlueLinx is warranted. *Nintendo*, 756 F.3d at 1366 ("Since Nintendo's liability is predicate to recovery from any of the defendants, the case against Nintendo must proceed first, in any forum."). "Where a single manufacturer is the only entity in the U.S. who makes and sells the only accused product to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturer." *Shifferaw v. Emson USA*, No. 2:09-CV-54-TJW-CE, 2010 WL 1064380 at *3 (E.D. Tex. Mar. 18, 2010); *see also Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. Civ.A.3:04-CV-2391-L, 2005 WL 2415960, at *5 (N.D. Tex. Sept. 30, 2005) ("[T]he courts have recognized that '[a] patent infringement claim against a distributor is peripheral to a claim against the manufacturer.'" (citation omitted)).

In both this case and the Owens Corning civil action, Kirsch accuses the Owens Corning roofing underlayments of infringing the same claims of the '482 and '251 Patents. Similarly, Kirsch also accuses the Owens Corning accused products of infringing the same claims of the '251 Patent in this case and the ITC action. In this case and the Tarco case, Kirsch accuses the Tarco underlayments of infringing the same claims of the '482 Patent. And in the Continental case, Kirsch accuses Continental's products of infringing the same claims of the '482 Patent as asserted against BlueLinx in this litigation. Accordingly, the Owens Corning, Tarco, and Continental

5

matters involve the same "major issues" of liability and damages as the case filed against BlueLinx, and in fact are essentially duplicative.

Resolution of the Owens Corning, Tarco, and Continental matters will resolve this case like resolution with System Components did for the ProLinx products. If Owens Corning, Tarco, or Continental is found not liable for infringing the '482 Patent (or if the patent is found invalid), that would be dispositive of Kirsch's claims against BlueLinx in this case. *See, e.g.*, *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co*., 342 U.S. 180, 185-86 (1952) (judgment in favor of a manufacturer accused of infringing patent bars suits against customers). Likewise, if Owens Corning is found not liable for infringing the '251 Patent (or if the patent is found invalid), that would be dispositive of Kirsch's corresponding infringement claims in this case. *See id.*

Alternatively, if Kirsch obtains judgment in its favor against Owens Corning, Tarco, or Continental, it will have exhausted its rights as a patent holder and will be precluded from collecting damages with respect to the same infringing product from a downstream purchaser like BlueLinx. *See, e.g.*, *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (precluding plaintiff from seeking damages from customers because damages already collected from manufacturer). Even if some minor issues were to remain after judgment in the Owens Corning, Tarco, and Continental matters, resolution of the infringement claims will significantly simplify this case. *See Katz*, 909 F.2d at 1464 ("Although there may be additional issues involving the defendants in [the customer action], their prosecution will be advanced if [plaintiff] is successful on the major premises being litigated in [the manufacturer action], and may well be mooted if he is unsuccessful."). Moreover, as the manufacturers of the accused products, the manufacturers plainly have a "greater interest in defending [their] actions against charges of patent infringement." *Spread Spectrum*, 657 F.3d at 1357. And in the Owens Corning, Tarco, and

Continental matters, Kirsch seeks patent infringement damages with respect to accused products sold to all of Owens Corning's, Tarco's, and Continental's U.S. customers—not only BlueLinx. In contrast, BlueLinx plays no role whatsoever in designing or manufacturing the accused products, but merely purchases and resells the products without modification. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1082 (Fed. Cir. 1989) (collecting cases holding that a stay is appropriate where the customer is a mere reseller).

In sum, the manufacturers, not BlueLinx, are the true defendants to Kirsch's patent infringement claims.[5,6] Thus, upon resolution of the cases against the manufacturers—with a finding of liability and an award of damages, a settlement resulting in a license, or a finding of non-infringement or invalidity of the asserted claims—no additional issues would remain to be resolved as to BlueLinx. Simply put, there is no reason to litigate the case against BlueLinx while the cases against the manufacturers, filed by Kirsch on its own accord, are pending, and the Court should stay this case pending final resolution of the Owens Corning, Tarco, and Continental matters.

### 2. BlueLinx Agrees to be Bound by the Outcomes of the Owens Corning, Tarco, and Continental Cases

BlueLinx agrees to be bound by the outcomes of the Owens Corning, Tarco, and Continental cases, which leaves no accused products unaddressed in this case. This factor thus favors the application of the customer-suit exception. *Glob. Equity*, 2017 WL 365398, at *5 n.3; *see CyWee Grp. Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at

---

[5] Even though this case is not the typical customer-suit exception case given the litigation against BlueLinx was filed on the same day as the cases against the manufacturers, "'the same general principles govern' and that [Owens Corning, Tarco, and Continental are] the 'true defendant[s]' in this case." *Collaborative*, 2015 WL 10818739, at *3 (citation omitted).

[6] The suit against BlueLinx appears geared toward seeking leverage over the manufacturers by maintaining a duplicative action against their customer.

7

\*4 (E.D. Tex. Aug. 22, 2018) (holding that an agreement to be bound by the infringement determination in the manufacturer case supports a stay).

### 3. The Manufacturers are the Only Source of the Accused Products

Here it is undisputed that Owens Corning, Tarco, and Continental are the only sources of the accused products. This factor thus favors a stay. *Glob. Equity*, 2017 WL 365398, at \*5 n.3.

### 4. Staying The Case Will Serve the Principles of Efficiency and Comity

"[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted). This case and the Owens Corning, Tarco, and Continental matters involve the same infringement claims, thus a stay of this suit until those cases are resolved will avoid duplicative discovery and briefing, resulting in "substantial savings of litigation resources" for the parties and the Court. *See In re Google*, 588 F. App'x at 991. A stay will properly place the burden of this litigation on the manufacturers of the accused products, rather than BlueLinx, a retailer lacking critical design and development information needed to defend this case. *See Nintendo*, 756 F.3d at 1365.[7]

Stays in circumstances like this are warranted to avoid the virtual certainty of overlapping, wasteful, and duplicative proceedings. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("A district court has inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (citation omitted)). The Fifth Circuit has instructed that "the general principle [of comity] is to avoid duplicative litigation"—and more specifically, "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform

---

[7] By contrast, a stay of the manufacturer suits while this case proceeds would *not* avoid duplicative litigation because the case against BlueLinx only involves a fraction of the sales of the accused products made and sold by the suppliers Owens Corning, Tarco, and Continental.

result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1997).

Kirsch accuses the same products of infringement in this case and in the respective manufacturer suits. Continued litigation of this matter would be exceptionally wasteful because BlueLinx did not design the accused products and does not know how they are made. The bulk of the relevant evidence would necessarily have to come from BlueLinx's suppliers who manufacture the products. *See In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). A stay here would avoid this inevitable waste of resources to resolve duplicative claims. *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 645 (N.D. Tex. 2004) (holding that stay is needed "to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues"). The issues are better litigated first by the manufacturers in their own cases.

### B. The General Stay Factors Weigh in Favor of Staying This Case

The general stay factors also demonstrate that a stay is in the interest of efficiency, judicial economy, and the just, speedy, and inexpensive resolution of this action. In deciding whether to stay a patent case, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (citation omitted). Here, all three factors weigh in favor of a stay.

#### 1. A Stay Will Not Unduly Prejudice Kirsch or Present a Clear Tactical Disadvantage

Kirsch has already chosen to sue Owens Corning, Tarco, and Continental separately, and for the same causes, showing no disadvantage. *Glob. Equity*, 2017 WL 365398, at *10. Moreover, BlueLinx agrees to be bound by the respective outcomes. *Id.*

Owens Corning, Tarco, and Continental design and manufacture the accused products and control all relevant technical information. BlueLinx has little knowledge of these details. Further, Kirsch will not be disadvantaged with regard to any potential recovery as any potential monetary relief will be available after the stay and BlueLinx has agreed to be bound by the outcomes. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014); *SZ DJI Tech. Co. v. Autel Robotics USA LLC*, No. 16-706-LPS, 2019 WL 1244948, at *2 (D. Del. Mar. 18, 2019) ("Staying this litigation will not unduly prejudice [plaintiff], which may still recover monetary damages if (and when) infringement is found.").

### 2. A Stay Will Simplify the Issues in Question Because the Manufacturer Matters Will Resolve the Liability Allegations Against BlueLinx

BlueLinx's agreement to be bound by the infringement and invalidity outcomes of the manufacturer cases would also reduce the burden on all parties and the Court. Kirsch could resolve all of its disputes with Owens Corning, Tarco, Continental, and BlueLinx in fewer proceedings, saving significant litigation expenses for both Kirsch and BlueLinx. Additionally, the burden on the Court's limited resources is reduced by eliminating unnecessary hearings and a liability trial for BlueLinx. Accordingly, this factor favors a stay.

### 3. Discovery Is Not Complete and No Trial Date Has Been Set

This case is in its early stages with a pending motion to dismiss. BlueLinx has yet to Answer and discovery has not yet begun. While a *Markman* hearing has been set for April 2, 2020, *Markman* briefing has not yet begun and no trial date has been set. Hence, this final factor also weighs in favor of a stay.

## IV. CONCLUSION

For the foregoing reasons, the Court should stay this case pending final resolution of Kirsch's claims in its co-pending cases filed against Owens Corning, Tarco, and Continental.

Dated: November 20, 2020						Respectfully submitted,


								By: /s/ David A. Reed

								Cole B. Ramey (Texas Bar No. 16494980)
								KILPATRICK TOWNSEND & STOCKTON LLP
								2001 Ross Avenue, Suite 4400
								Dallas, TX 75201
								Telephone:	(214) 922-7126
								Facsimile:	(214) 292-9419
								Email:		cramey@kilpatricktownsend.com

								Vaibhav P. Kadaba (admitted *pro hac vice*)
								David A. Reed (admitted *pro hac vice*)
								KILPATRICK TOWNSEND & STOCKTON LLP
								1100 Peachtree Street NE, Suite 2800
								Atlanta, GA 30309
								Telephone:	(404) 815-6500
								Facsimile:	(404) 815-6555
								Email:		wkadaba@kilpatricktownsend.com
										dreed@kilpatricktownsend.com

								*Attorneys for Defendant*
								*BlueLinx Corporation*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on the date below all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and via email.

Dated: November 20, 2020             */s/ David A. Reed*
                                                              David A. Reed

                                                              *Attorneys for Defendant*
                                                              *BlueLinx Corporation*