# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BLUELINX CORPORATION, <br><br> Defendant. | Case No. 6:20-CV-00316-ADA |

**PLAINTIFF KIRSCH RESEARCH AND DEVELOPMENT, LLC'S RESPONSE TO DEFENDANT BLUELINX CORPORATION'S OPPOSED MOTION TO STAY (D.I. 39)**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD............................................................................................................. 2

III. FACTUAL BACKGROUND ................................................................................................. 3

IV. ARGUMENT .......................................................................................................................... 4

    A. A Stay Presents A Tactical Advantage To BlueLinx And Unduly Prejudices Kirsch ................................................................................................................................... 5

    B. A Stay Will Not Necessarily Simplify Any Issues Here ......................................... 9

    C. The Stage Of Discovery And Lack Of A Trial Date Do Not Support A Stay ...... 10

    D. The Customer Suit Exception Should Not Be Applied Here Because It Would Not Be Efficient Or Benefit Judicial Economy To Stay The BlueLinx Case .............. 11

V. CONCLUSION..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) ................................. 9

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612 (E.D. Tex. 2007) .......................................................................... 9

*Birdsell v. Shaliol*,
  112 U.S. 485 (1884) ..................................................................................................... 15

*Clinton v. Jones*,
  520 U.S. 681 (1997) ..................................................................................................... 9

*Corydoras Techs., LLC v. Best Buy Co.*,
  No. 2:19-CV-00304-JRG-RSP, 2020 WL 1275782 (E.D. Tex. Mar. 17, 2020) ............ 7

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
  No. 2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ..................... 3

*Fractus, S.A. v. AT&T Mobility LLC*,
  No. 2:18-CV-00135-JRG, 2019 WL 3253639 (E.D. Tex. July 19, 2019) ..................... 7

*Glenayre Elecs., Inc. v. Jackson*,
  443 F.3d 851 (Fed. Cir. 2006) ............................................................................... 14, 15

*Heinz Kettler GMBH & Co. v. Indian Indus., Inc.*,
  575 F. Supp. 2d 728 (E.D. Va. 2008) ........................................................................... 13

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) ..................................................................................... 3

*In re Trustees of Bos. Univ. Patent Cases*,
  No. CV 13-12327-PBS, 2014 WL 12576638 (D. Mass. May 16, 2014) ..................... 3, 4

*Kahn v. General Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989) ..................................................................................... 5

*Kaneka Corp. v. Zhejiang Med. Co.*,
  No. CV1102389SJOSHSX, 2016 WL 6208309 (C.D. Cal. July 6, 2016) ..................... 3

*Mshift, Inc. v. Digital Insight Corp.*,
  No. C 10-00710 WHA, 2010 WL 1459440 (N.D. Cal. Apr. 12, 2010) ......................... 5

*Personalized User Model, L.L.P. v. Google, Inc.*,
  No. CA 09-525-LPS, 2012 WL 5379106 (D. Del. Oct. 31, 2012) ................................. 9

*S.E.C. v. K2 Unlimited, Inc.*,
  15 F. Supp. 3d 158 (D. Mass. 2014) .............................................................................. 9

*SZ DJI Tech. Co. v. Autel Robotics USA LLC*,
  No. CV 16-706-LPS, 2019 WL 1244948 (D. Del. Mar. 18, 2019) .............................. 10

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................................... 10

**Rules**

Fed. R. Civ. P. 1------------------------------------------------------------------------------------------5

**I.     INTRODUCTION**

Plaintiff Kirsch Research and Development, LLC ("Kirsch") opposes Defendant BlueLinx's Corporation's ("BlueLinx") Motion to Stay (D.I. 39) because BlueLinx has failed to meet its burden to show good cause for a stay. The concerns underlying the customer suit exception, efficiency and judicial economy, will not be met here. No efficiencies are gained by a stay because the *Tarco* case is already pending in this Court and on primarily the same schedule, and the other relevant manufacturer actions are in different jurisdictions and have not even progressed past the pleading stage (there is no indication when they will progress past the pleading stage). Given the circumstances of this case, it is just as likely that a stay will increase complexity and be less efficient. For example, there could be competing claim constructions, or contrary findings regarding invalidity, that will only make the Court's resolution of Kirsch's claims against BlueLinx more complex. BlueLinx's agreement to be bound by the "outcomes" of the *Tarco*, *Owens Corning*, and *Continental* cases is vague and ambiguous, and does not resolve any issues because BlueLinx appears to be reserving the right to dispute various rulings and assert other defenses not at issue in the other cases (such as license or exhaustion). Further, BlueLinx may sell infringing products that are not manufactured by Tarco, Owens Corning and Continental, such as those manufactured by Barricade Building Products or Protecto Wrap, that will need to be litigated regardless of the outcome of the *Tarco*, *Owens Corning*, and *Continental* cases.

Kirsch will also be unduly harmed by a stay because, while Kirsch has been diligent in trying to determine all of BlueLinx's Accused Products, the full scope of BlueLinx's infringement can only be determined through factual discovery. Kirsch expects to discover that BlueLinx infringes through the sale of products not manufactured by Tarco, Owens Corning or Continental. BlueLinx does not make a full list of the products it sells publicly available. A stay will also be

unduly prejudicial to Kirsch and a tactical advantage to BlueLinx because it could result in multiple, contradictory rulings that the Court will have to address, and BlueLinx competes with Kirsch in the sale of synthetic underlayments and will continue to profit from its infringement at the expense of Kirsch.

Moreover, none of the other factors to be considered support a stay. In light of the complexity of the multiple manufacturer cases in multiple jurisdictions, it is just as likely (if not more likely) that a stay will complicate, rather than simplify, issues. The state of discovery and setting of a trial date similarly do not support a stay because discovery is underway and, though the custom of the Court is to not schedule a trial yet, dates for all pre-trial disclosures and briefing have been scheduled. The other cases have not even progressed past the pleading stage. Finally, BlueLinx has not shown that the customer suit exception applies. It has presented no evidence that it is merely a reseller of the Accused Products.

Finally, BlueLinx's arguments ignore critical facts. For example, though referring to the *Owens Corning* and *Continental* cases, BlueLinx fails to inform the Court of the statuses of the cases. Similarly, BlueLinx argues that no discovery has yet begun and no trial date has been set despite knowing that Kirsch served Infringement Contentions months ago, that it was scheduled to serve Invalidity Contentions a few weeks after the Motion was filed, and that the claim construction process would begin shortly after that. BlueLinx's incomplete characterization of the record to favor its arguments, and failure to address bad factors, is further reason for the Court to deny the request for a stay.

**II.    LEGAL STANDARD**

"The 'customer-suit exception' to the 'first-to-file' rule is a creature of judicial creation that 'arose in cases in which a patentee filed an action against the retailers of an accused product,

after which the manufacturer of the product filed a declaratory judgment action against the patentee in a different forum.'" *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV1102389SJOSHSX, 2016 WL 6208309, at *2 (C.D. Cal. July 6, 2016) (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.* ("*Uropep*"), No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *2 (E.D. Tex. Apr. 26, 2016) (Bryson, Circuit J., sitting by designation)). "In that circumstance, courts sometimes approve proceeding with the case against the manufacturer and staying the first-filed action against the customer." *Id.* (quoting <u>*Uropep*</u>). "The theory underlying that course of action is that the manufacturer is the 'true defendant' and the retailer is merely a 'peripheral defendant.'" *Id.* (quoting *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014)).

In determining whether a stay is appropriate in a patent case, courts consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014). In determining the applicability of the customer suit exception to a stay motion, courts also consider the following factors: "(1) whether the Customers are merely resellers; (2) whether the Customers agree to be bound by any decision in the Manufacturer's case; and (3) whether the Manufacturer is the sole source of infringing products." *Id.* at *3.

### III.   FACTUAL BACKGROUND

On April 24, 2020, Kirsch filed a complaint against BlueLinx alleging infringement of U.S. Patent No. 6,308,482 ("'482 patent") and U.S. Patent No. 8,765,251 ("'251 patent"), seeking damages and injunctive relief. D.I. 1. On August 11, 2020, Kirsch filed its first amended complaint. D.I. 24. On August 20, 2020, Kirsch served its Preliminary Disclosure of Asserted Claims and

3

Infringement Contentions, asserting direct and induced infringement by various products sold by BlueLinx. BlueLinx was scheduled to serve its invalidity contentions on December 4, 2020.[1] D.I. 28. Proposed terms for construction are due to be exchanged on December 18, 2020. Though no trial date has yet been set, the *Markman* hearing is set for April 2, 2021 (D.I. 36), and pre-trial disclosures and briefing will be completed by February 25, 2022 (D.I. 28).

On April 24, 2020, Kirsch also filed complaints against Tarco (*Kirsch Research and Development, LLC v. Tarco Specialty Products, Inc.*, Case No. 6:20-cv-00318-ADA (W.D. Tex.)), Owens Corning (*Kirsch Research and Development, LLC v. Owens Corning et al.*, Case No. 1:20-cv-00901-DAP (N.D. Ohio)) and Continental (*Kirsch Research and Development, LLC v. Continental Materials, Inc.*, Case No. 2:20-cv-04033-NIQA (E.D. Pa.)). The *Tarco* case is pending before this Court and is on the same schedule for pre-trial purposes. The *Owens Corning* case has been indefinitely stayed pending an ITC Investigation. Ex. 1 at 6. In response to an unopposed motion to terminate, the Administrative Law Judge ("ALJ") has issued an Initial Determination terminating the Investigation (Ex. 2) and Kirsch expects to move to lift the stay in the *Owens Corning* case soon. When the case was stayed, the *Owens Corning* case was still in the pleading stage and Owens Corning had approximately 5 weeks before its response to the complaint was due. Kirsch expects Owens Corning to seek a similar amount of time for its response when the stay is lifted. The *Continental* case has also not yet proceeded beyond the pleading stage because a motion to dismiss has been fully briefed and pending since October 14, 2020. No hearing has been set yet for the motion to dismiss.

## IV.   ARGUMENT

The stay factors do not support a stay in this case.

---

[1] Kirsch granted BlueLinx an extension for the service of its invalidity contentions.

### A. A Stay Presents A Tactical Advantage To BlueLinx And Unduly Prejudices Kirsch

A "[p]laintiff has the right to bring infringement claims against parties that have possibly infringed on its patents." *Mshift, Inc. v. Digital Insight Corp.*, No. C 10-00710 WHA, 2010 WL 1459440, at *1 (N.D. Cal. Apr. 12, 2010) (denying motion to stay customer suits). The Federal Circuit has long recognized a "strong public policy favoring expeditious resolutions of litigation." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). And the very first Rule of Civil Procedure states the goal of "secur[ing] the just, speedy, and inexpensive determination of *every action and proceeding*." Fed. R. Civ. P. 1 (emphasis added).

Here, a stay would only indefinitely delay Kirsch's resolution of its claims against BlueLinx to the prejudice of Kirsch. For instance, BlueLinx's infringement is not limited to licensed products or Tarco, Owens Corning and Continental products. BlueLinx also sells a number of different products from different manufacturers. Kirsch has diligently sought to identify the infringing products sold by BlueLinx. However, without factual discovery from BlueLinx, Kirsch is unable to identify all infringing products sold by BlueLinx for two reasons. First, Kirsch cannot identify all of the products actually sold by BlueLinx during the damages period (April 2014 through the present, depending on the patent). BlueLinx does not list all of the products it sells or has sold on its website. The publicly-available information provided by BlueLinx are Line Cards for products currently being sold, an exemplar (the current Line Card for Birmingham, Alabama) of which is attached as Exhibit 3. Historical Line Cards are not available on BlueLinx's website. Further, as can be seen in Exhibit 3, the Line Cards list general references to the categories of products BlueLinx sells, and some references to product lines. In the "Roofing" category, BlueLinx simply lists "Synthetic Felt" without any indication which specific synthetic felt

products it sells.² Kirsch has asked BlueLinx for a complete list of the synthetic roofing underlayment products it sold during the infringement period (Exhibit 4) but Kirsch has not yet received a response. Second, some of the products that Kirsch believes may infringe, such as those manufactured and/or sold by companies against which Kirsch has not brought suit, such as Barricade Building Products or Protecto Wrap, require additional discovery (either from BlueLinx or from the third parties through subpoena) to determine infringement. Because general fact discovery does not open in this case until after claim construction, Kirsch has not yet had the opportunity to seek the necessary discovery to completely identify all infringing products sold by BlueLinx. The fact that BlueLinx sells infringing products sourced from multiple manufacturers, including those against which Kirsch has not brought suit, weighs against a stay. *E.g.*, *Corydoras Techs., LLC v. Best Buy Co.*, No. 2:19-CV-00304-JRG-RSP, 2020 WL 1275782, at *3 (E.D. Tex. Mar. 17, 2020) (large number of manufacturers weighs against a stay); *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 3253639, at *4-*5 (E.D. Tex. July 19, 2019) ("Where a customer is sued for infringement based upon accused products it purchased from multiple unrelated manufacturers, ***the customer is the 'true defendant,' not any single manufacturer***." (citing *In re Nintendo*) (emphasis added)).

A stay is also unduly prejudicial to Kirsch because it increases the complexity of the resolution of the case against BlueLinx. Although BlueLinx has agreed to be bound, somewhat, by the results of the *Tarco*, *Owens Corning* and *Continental* cases, those cases are pending in three different jurisdictions.³ It is possible the cases could have disparate, contradictory results (*e.g.*,

---

² Synthetic felt is another name for the synthetic roofing underlayment at issue in this case. It appears that BlueLinx is using this term consistent with its plain and ordinary meaning.
³ A stay as to the Continental products is premature because there is a pending motion to dismiss. The *Continental* case may not move forward at all if the *Continental* court grants to the motion to dismiss.

validity in one case, unenforceability in one case, invalidity in one case) and conflicting interim orders (such as different and potentially conflicting claim construction positions). Unlike a typical customer stay-type situation, BlueLinx is liable for the sale of multiple different products from different manufacturers. Despite BlueLinx's agreement to be bound by the "outcomes," if the cases result in conflicting orders, BlueLinx may ask the Court to resolve the conflict in rulings in a fashion most advantageous to BlueLinx (for example, invalidity instead of validity). This would likely require complete re-litigation of all of the issues anyway and a stay would only have operated to delay and complicate, not simplify, issues.

Indefinite delay as a result of a stay is also unduly prejudicial to Kirsch's business. Kirsch sells practicing products in competition with products sold by BlueLinx, and is entitled to timely redress for the injuries caused by BlueLinx's unlicensed sales of products embodying Kirsch's patented technology. Although Kirsch was at the forefront of building the market for synthetic underlayment (the products at issue here), it is a small business, makes all its products in the U.S., and must carefully manage its resources. Now is a critical time to enforce its patents and protect the years it spent cultivating the market. The use of synthetic underlayment has become widely accepted, but large overseas manufacturers are flooding the market with cheaper, inferior products, depriving Kirsch of sales and eroding Kirsch's work in developing the market for nearly two decades.

Further, an indefinite stay grants BlueLinx a tactical advantage because BlueLinx may continue to sell infringing products, in competition with Kirsch and to Kirsch's detriment, without accounting for its infringement. BlueLinx will be able to further profit from its infringement (and reserve further revenue to defend itself) while depriving Kirsch of revenue and depleting Kirsch's financial ability to litigate against BlueLinx.

An indefinite stay also grants BlueLinx a tactical advantage because it significantly increases the risk of losing evidence. Courts have consistently recognized that "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts." *S.E.C. v. K2 Unlimited, Inc.*, 15 F. Supp. 3d 158, 160 (D. Mass. 2014) (quoting *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997)); *see also Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015) ("The stay also tactically disadvantages Plaintiff, as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate."); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) ("[C]rucial witnesses are more likely to be located if discovery is allowed to proceed now, rather than later. [Plaintiff] would be at a severe tactical disadvantage if the entire case were stayed."); *Personalized User Model, L.L.P. v. Google, Inc.*, No. CA 09-525-LPS, 2012 WL 5379106, at *2 (D. Del. Oct. 31, 2012) ("[Plaintiff's] infringement claims depend on how the allegedly infringing products function today, as described by witnesses who may suffer from faded memories as time passes."). Here, even if some discovery is preserved because of the co-pending cases against Tarco, Owens Corning and Continental, discovery would be indefinitely delayed for other manufacturers of products sold by BlueLinx, such as Barricade Building Products or Protecto Wrap. The risk of evidence being lost or forgotten is significant, particularly given that the '482 patent has already expired. *See* Ex. 5 at 3 (order denying stay pending ITC Investigation in part because "a stay could cause the loss of testimonial and documentary evidence and reduction in market share because Kirsch and [defendant] are direct competitors")

BlueLinx argues that there is no prejudice to Kirsch because it is simply a reseller, and not involved in the design and manufacture of the Accused Products. Mot. at 9-10. BlueLinx, however,

8

provides no evidence supporting its attorney argument. Further, as discussed above, even if true, BlueLinx's infringing products likely includes products other than those manufactured by Tarco, Owens Corning and Continental. Even if the case is stayed as to the Tarco, Owens Corning and Continental products, it should not be stayed as to BlueLinx's other infringing synthetic underlayment products. BlueLinx's cited cases also do not support its argument that Kirsch will not be disadvantaged by a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (acknowledging that direct competition can weigh against a stay, but finding that the evidence presented was not sufficient because defendant was not eligible for the identified contract due to its size and there was no actual competition); *SZ DJI Tech. Co. v. Autel Robotics USA LLC*, No. CV 16-706-LPS, 2019 WL 1244948, at *2 (D. Del. Mar. 18, 2019) (relying heavily on facts, not present here, that the patent holder did not practice the asserted patent; and lack of evidence that the patent holder sought an injunction as Kirsch does with respect to the '251 patent). BlueLinx's direct competition with Kirsch is unduly prejudicial to Kirsch, as described above.

Accordingly, this factor weighs heavily in favor of Kirsch, and against a stay.

### B. A Stay Will Not Necessarily Simplify Any Issues Here

As described above, a stay against BlueLinx will not necessarily simplify any issues because there are a number of circumstances that could result in Kirsch's claims against BlueLinx needing to be litigated in full. In addition to the possibility of conflicting judgments or interim orders discussed above, there are a number of other circumstances that could fail to simplify the issues here. For example, the case against Continental may be dismissed on procedural grounds instead of a substantive findings regarding infringement or validity. As another example, even if Kirsch were to ultimately resolve its claims against any of the manufacturers, the resolutions may not apply to BlueLinx at all (for example, an agreement that excludes resolution for a

manufacturer's customers such as BlueLinx). While BlueLinx agrees to be bound by the "outcomes" of the cases against Tarco, Owens Corning, and Continental, this vague and ambiguous agreement does nothing to address the complexity likely to be introduced if interim orders and/or judgments in the Tarco, Owens Corning and Continental conflict in material ways. This issue is discussed in more detail below.

BlueLinx may argue in reply that the simplification factor supports a stay regardless of any complexity from the other cases with respect to the '482 patent because there will be no such complexity with respect to the '251 patent, which is only asserted against the Owens Corning products and would not result in potential conflicting results. But the '251 patent could be asserted against products that BlueLinx sells or has sold in the past that it has not yet identified. Additionally, the '251 patent is asserted against a number of other defendants in currently pending actions. Even if Owens Corning is able to obtain an outcome applicable here, Kirsch may still seek a resolution of the issue in this Court while any appeal of the Owens Corning result is pending. The existence of multiple rulings from multiple courts about, for example, claim construction of the '251 patent could increase, not decrease, complexity.

The simplification factor therefore does not support a stay here.

### C. The Stage Of Discovery And Lack Of A Trial Date Do Not Support A Stay

BlueLinx is incorrect to argue that "discovery has not yet begun." Mot. at 10. Consistent with the practice of the Court, this case has already significantly progressed. Kirsch served its Preliminary Disclosure of Asserted Claims and Infringement Contentions months ago, and BlueLinx's preliminary Invalidity Contentions were due to be served on December 4, 2020. Proposed terms for construction are scheduled to be exchanged the same day that BlueLinx's reply

brief is currently due. Even though it is the Court's practice to delay general fact discovery until later in the discovery period, it is not true that discovery has not yet begun. Moreover, though a trial date has not yet been set, the date for all pre-trial disclosures and briefing has been set. Based on the current schedule, Kirsch expects that the Court may order a trial in the first half of 2022. Because discovery is underway and all pre-trial dates have been scheduled, at best, these factors do not support a stay.

As discussed above, both the *Owens Corning* case and *Continental* case have not yet progressed past the pleadings stage. There is no indication yet as to when trial may occur in either case but it is likely to be well after the current expected trial date in this case (as well as the *Tarco* case). This further supports that these factors, if not weighing in favor of denying the stay, do not support a stay.

### D. The Customer Suit Exception Should Not Be Applied Here Because It Would Not Be Efficient Or Benefit Judicial Economy To Stay The *BlueLinx* Case

As BlueLinx argues, the reasoning adopted by courts for staying a customer suit is efficiency and judicial economy. Neither of these justifications is served by a stay here. Given the potential contradictory results of the multiple manufacturer cases and the fact that this action is more advanced and likely to reach trial before either the *Owens Corning* or *Continental* cases, the typical customer suit exceptions considerations do not apply. Furthermore, because the *Tarco* case was filed on the same day as this case and is co-pending in this Court, no efficiency is gained by staying pending the *Tarco* case. *E.g.*, *Heinz Kettler GMBH & Co. v. Indian Indus., Inc.*, 575 F. Supp. 2d 728, 730 (E.D. Va. 2008).

Moreover, unlike a typical customer suit stay involving a single manufacturer, BlueLinx seeks a stay pending three different lawsuits, in different venues, and in very different procedural situations. The *Owens Corning* case is currently stayed, and Owens Corning has not yet responded to the complaint. It could be months, or longer, before a schedule in the case is entered (assuming Owens Corning does not successfully seek to dismiss the case on procedural grounds as many other defendants have attempted). The *Continental* case may be dismissed at the pleading stage, which would not have any effect on Kirsch's claims against BlueLinx. The *Tarco* case is pending in this Court and it is more efficient to proceed with both cases than to proceed with the *Tarco* case now only to potentially perform the same tasks in this case later. The varying jurisdictions and postures also may be significantly less efficient, not more efficient, because of conflicting rulings (such as different rulings on claim construction, or validity) entered at different times. Finally, as discussed above, BlueLinx likely also infringes through its sales of products sourced from other manufacturers. Even if the case is stayed pending the *Tarco*, *Owens Corning*, and *Continental* cases, Kirsch's claims against BlueLinx should continue until it can obtain sufficient factual discovery to complete its infringement contentions against BlueLinx. In this circumstance, it is just as likely (if not more likely) that a stay against BlueLinx will be less efficient and economic when compared to simply proceeding against BlueLinx.

BlueLinx, for its part, has also not provided evidence to meet its burden of showing that the customer suit exception applies. Although it asserts that it is merely a reseller, it cites no evidence to support this assertion. Discovery may reveal that it is more than a reseller, and has instead worked with one or more of the manufacturers to develop relevant features of the Accused Products. Attorney argument should not be sufficient to support a stay, particularly given the undue prejudice to Kirsch described above.

Kirsch also notes that BlueLinx has not agreed to be bound by ***decisions*** in the *Tarco*, *Owens Corning*, and *Continental* cases. It has only agreed to be bound by the "outcomes" in the cases, which is vague and ambiguous. For example, BlueLinx has not agreed to be bound by unfavorable rulings regarding claim construction or other interim orders. It is also unclear whether BlueLinx has agreed to be bound by "outcomes" other than "infringement and invalidity" (Mot. at 10), such as "outcomes" regarding other affirmative defenses or equitable relief. BlueLinx's arguments also make it apparent that, rather than agreeing to be bound by the "outcomes" in the other cases, BlueLinx still intends to make arguments that the "outcomes" do not apply to them, such as the argument that a finding of infringement of a valid claim by a manufacturer would exhaust Kirsch's remedies against BlueLinx. Mot. at 6 (citing *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006)). BlueLinx's argument is not, however, an accurate statement of the law. BlueLinx does not argue, for example, that *Glenayre* precludes equitable relief (such as an injunction regarding the '251 patent). A judgement would also not necessarily exhaust Kirsch's monetary damages. Rather, the Court would have to determine whether the damages theory presented in the manufacturer trial (or trials) sought full compensation for infringement from the manufacturer. *Glenayre*, 443 F.3d at 872-73; *see also id.* at 863-64 (citing *Birdsell v. Shaliol*, 112 U.S. 485, 487-88 (1884) for the proposition that a judgment does not necessarily exhaust a damages claim against a customer infringer). As another example of not abiding by the "outcomes," BlueLinx argues that it may not be liable if a manufacturer receives a license. Mot. at 7. But a license defense is fact dependent (such as the terms of the license) and could require significant litigation, including litigation about whether BlueLinx infringes. According to BlueLinx's own arguments, therefore, a stay now will only delay, not resolve, the issues present in this case.

The customer suit factors therefore do not support a stay.

## V. CONCLUSION

None of the factors supports a stay, and the prejudice factor weighs heavily against a stay. Accordingly, BlueLinx's Motion must be denied.

Dated: December 11, 2020

Respectfully submitted,

By: */s/ Benjamin T. Wang*
Benjamin T. Wang (CA Bar No. 228712)
Marc A. Fenster (CA Bar No. 181067)
Amy E. Hayden (CA Bar No. 287026)
Jonathan Ma (CA Bar No. 312773)
Andrew D. Weiss (CA Bar No. 232974)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
Email:  bwang@raklaw.com
 mfenster@raklaw.com
 ahayden@raklaw.com
 jma@raklaw.com
 aweiss@raklaw.com

Matthew D. Aichele (VA Bar No. 77821)
RUSS AUGUST & KABAT
800 Main Avenue, SW, Suite 200
Washington, DC 20024
Telephone: (202) 664-0623
Email:  maichele@raklaw.com

Elizabeth L. DeRieux (State Bar No. 05770585)
CAPSHAW DERIEWUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email:  ederieux@capshawlaw.com

K. Andrew Kent (CA Bar No. 130097)
RINCON VENTURE LAW GROUP
2801 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (805) 557-0580
Facsimile: (805) 557-0480
Email:  akent@rincongroup.com

Attorneys for Plaintiff
***Kirsch Research and Development, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 11, 2020.

>By: */s/ Benjamin T. Wang*
>Benjamin T. Wang (CA Bar No. 228712)