IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **KIRSCH RESEARCH AND DEVELOPMENT, LLC,**<br>          Plaintiff,<br><br>     v.<br><br>**BLUELINX CORPORATION,**<br>          Defendant. | 6:20-cv-00316-ADA |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO STAY [ECF No. 39]**

Came on for consideration this date is Defendant BlueLinx Corporation's Opposed Motion to Stay Pending Final Resolution of Plaintiff's Manufacturer Lawsuits (the "Motion"). ECF No. 39. Kirsch Research and Development, LLC ("Kirsch" or "Plaintiff") filed an opposition on December 11, 2020, ECF No. 42, to which BlueLinx Corporation ("BlueLinx" OR "Defendant") replied on December 18, 2020, ECF No. 46. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Defendant BlueLinx Corporation's Opposed Motion to Stay Pending Final Resolution of Plaintiff's Manufacturer Lawsuits.

### I. INTRODUCTION

BlueLinx's Motion asks the Court to stay this case pending resolution of cases Kirsch is litigating against Owens Corning Roof and Asphalt LLC, Tarco Specialty Products, Inc., and Continental Materials, Inc. (the "Manufacturers"), covering the same accused products also at issue here. BlueLinx posits that this case falls under the "customer-suit exception" to the first-filed rule, dictating that this case be stayed to avoid wasting party and judicial resources. The Court agrees.

1

## II. BACKGROUND

On April 24, 2020, Kirsch filed its Complaint in this case, accusing BlueLinx of infringing U.S. Patent Nos. 6,308,482 (the "'482 patent") and U.S. Patent No. 8,765,251 (the "'251 patent") by selling certain roofing products. Kirsch alleges that BlueLinx infringes the expired '482 patent by selling underlayment products manufactured by System Components Corporation, Owens Corning Roof and Asphalt LLC, Tarco Specialty Products, Inc., and Continental Materials, Inc. Kirsch also alleges that BlueLinx infringes the '251 patent by selling underlayment products manufactured by Owens Corning and System Components.

The same day it filed this case, Kirsch filed separate complaints against System Components, Owens Corning, Tarco, and Continental Materials (the "Manufacturer suits"). Kirsch sued Owens Corning and System Components in the Northern District of Ohio asserting both the '482 and '251 patents.[1] Kirsch sued Tarco in this District asserting the '482 patent.[2] And Kirsch sued Continental in the Northern District of Texas asserting the '482 patent.[3] The Continental case was transferred to the Eastern District of Pennsylvania.[4] Kirsch does not dispute that the currently accused products here overlap with those identified in the Manufacturers' suits.

Kirsch settled with System Components, after which point BlueLinx's sale of any products made by System Components and its affiliates is licensed, exhausting Kirsch's claims against BlueLinx as to those products. *See* ECF No. 39 at 2. Kirsch does not dispute that contention.

---

[1] *Kirsch Rsch. &Dev. LLC v. Owens Corning Roof and Asphalt LLC*, 1-20-cv-00901 (N.D. Ohio Apr. 24, 2020); *Kirsch Rsch. & Dev. LLC v. System Components Corporation*, No. 5-20-cv-00903 (N.D. Ohio Apr. 24, 2020).
[2] *Kirsch Rsch. & Dev. LLC v. Tarco Specialty Products, Inc.*, No. 6-20-cv-00318 (W.D. Tex. Apr. 24, 2020).
[3] *Kirsch Rsch. & Dev. LLC v. Continental Materials, Inc.*, No. 3-20-cv-01025 (N.D. Tex. Apr. 24, 2020).
[4] *See Kirsch Rsch. & Dev. LLC v. Continental Materials, Inc.*, No. 3-20-cv-01025 (E.D. Pa. Apr. 24, 2020).

The U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") has also instituted *inter partes* review ("IPR") twice against the '482 patent, with final written decisions due in the IPRs by February and May of 2022. The Northern District of Ohio, this Court, and the Eastern District of Pennsylvania have respectively stayed Kirsch's suits against Owens Corning, Tarco, and Continental pending resolution of at least the first IPR.

### III. LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-5, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014).

The "customer-suit exception" to the first-filed rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

3

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

In determining whether the customer suit exception applies, the court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 U.S. Dist. LEXIS 675, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

The factors courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014).

## IV. ANALYSIS

### A. Customer-Suit Exception

The Court holds that the customer suit exception applies because: (1) BlueLinx has provided evidence that it is merely a reseller of the accused products; (2) BlueLinx has agreed to be bound by the outcomes of the Manufacturer suits; and (3) the Manufacturers are the only source of the accused products.

#### 1. Whether BlueLinx Is Merely a Reseller

Kirsch argues that BlueLinx has provided no evidence supporting its attorneys' arguments that BlueLinx is merely a reseller. ECF No. 39 at 7. The Court disagrees. BlueLinx's Senior Category Manager, Carolyn W. Smith, has filed a declaration in this case stating that "BlueLinx is a wholesale distributor of building products. BlueLinx does not manufacture any of" accused products here, including Tarco, Continental, and Owens Corning roof underlayment products. ECF No. 32-1 ¶¶ 5–6. The declaration continues, "As a distributor, BlueLinx is a customer of the manufacturers and is a reseller of synthetic roof underlying products." *Id.* ¶ 6. Because Kirsch has not presented record evidence contradicting that declaration, the Court finds that this factor favors a stay under the customer-suit exception.

#### 2. Whether BlueLinx Agrees to Be Bound By Any Decision in the Later-filed Cases

BlueLinx has agreed to be bound by the "outcomes" of the Manufacturer suits. ECF No. 39 at 7. Kirsch challenges BlueLinx's stipulation as "vague and ambiguous" and revealing an intent "to make arguments that the 'outcomes' do not apply to them." ECF No. 42 at 13. BlueLinx replies that the scope of "outcome" is clear. *See* ECF No. 39 at 7-8. According to BlueLinx: "'Finality' is a concept well-known in the law, and it speaks to an outcome in which a determination has been made and from which there is no possibility of further appeal." ECF No.

46 at 4 (citing *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340–45 (Fed. Cir. 2013)). BlueLinx has stated that it will "satisfy any final judgment against a manufacturer as to any sales made by that manufacturer to BlueLinx, to the extent judgment is not satisfied by the manufacturer itself." ECF No. 46 at 4. Though the Court finds BlueLinx's position somewhat evasive, the Court believes BlueLinx's representation is sufficient to weigh in favor of a stay. And, in any event, courts have found that, even where a customer does not "agree[] to be bound by the result" in the manufacturer suit, stay may still be appropriate because "resolution of the major issues" in the manufacturer action will likely "resolve these issues as to their customers." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

### 3. Whether the Manufacturer Is the Only Source of the Infringing Product

As indicated above, BlueLinx is merely a reseller and Kirsch has otherwise not denied that the Manufacturers are the source of the infringing products identified in Kirsch's infringement contentions here.

### B. Traditional Stay Factors

The Court gives great weight to the three factors considered under the customer-exception. But, for the sake of completeness, the Court considers the traditional stay factors and, in the main, rejects Plaintiff's concerns as to each.

### 1. Whether Kirsch Is Unduly Prejudiced By a Stay

Kirsch identifies a litany of reasons why staying this case would prejudice Kirsch and otherwise put it at a disadvantage. For example, a stay would prevent Kirsch from receiving discovery about BlueLinx's other potentially infringing products that are not the subject of the Manufacturer suits:

> BlueLinx's infringement is not limited to licensed products or Tarco, Owens Corning, and Continental products. BlueLinx also

>sells a number of different products from different manufacturers. Kirsch has diligent sought to identify the infringing products sold by BlueLinx. However, without factual discovery from BlueLinx, Kirsch is unable to identify all infringing products sold by BlueLinx.

ECF No. 42 at 5. Two examples of products BlueLinx sells that Kirsch alleges it needs discovery on are "Barricade Building Products" and "Protecto Wrap." *Id.* at 8. The Court does not find this argument persuasive, at least because Kirsch has not shown that it was entitled to the discovery to which it alludes. Some courts have limited discovery to only those products identified in a plaintiff's infringement contentions. *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 14-CV-03657-SI, 2019 WL 193454, at *2 (N.D. Cal. Jan. 14, 2019) (defendant "complied with its discovery obligations by producing discovery relevant to the Accused Devices"); *Kelora Sys., LLC v. Target Corp.*, C 11-01548 CW LB, 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011) (denying discovery for "instrumentalities that were not accused in the preliminary infringement contentions"). Other courts have provided discovery of even those products the plaintiff can show are "reasonably similar" to the products identified in plaintiff's infringement contentions. *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 284–87 (D. Del. 2012); *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009); *LKQ Corp. v. GM Co.*, No. 20 C 2753, 2021 U.S. Dist. LEXIS 171094, at *5 (N.D. Ill. Sep. 9, 2021) (collecting cases); *see also Ceiva Logic, Inc. v. Amazon.com, Inc.*, No. 2:19-cv-09129-AB-MAA, 2021 U.S. Dist. LEXIS 145299, at *17 (C.D. Cal. June 16, 2021) (identifying cases on both sides of the divide). Kirsch has not made that showing here and it is not clear that it could. The Court will not deny a stay under the customer-suit exception where Plaintiff merely speculates that it may be able to discover other infringing products that its pre-suit diligence did not reveal.

Kirsch also asserts that indefinite delay attending a stay is unduly prejudicial to Kirsch's business. ECF No. 42 at 8. The Court disagrees with the premise that granting this motion is a

source of delay separating patentee from the quick vindication of its right. A stay here—where all the accused products come from the Manufacturers—does not delay Kirsch from litigating the question of infringement as to those products in the Manufacturer suits. Rather, the source of the complained of delay are those stays pending resolutions of IPRs that courts have imposed in the Manufacturer suits. Kirsch's opposition to this Motion is, of course, not the proper vehicle to challenge the wisdom of those stays.

Kirsch further argues that "The fact that BlueLinx sells infringing products sourced from multiple manufacturers, including those against which Kirsch has not brought suit, weighs against a stay." ECF No. 42 at 6 (first citing *Corydoras Techs., LLC v. Best Buy Co.*, No. 2:19-CV-00304-JRG-RSP, 2020 WL 1275782, at *3 (E.D. Tex. Mar. 17, 2020); and then citing *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 3253639, at *4-*5 (E.D. Tex. July 19, 2019)). Kirsch's cited cases are inapposite. Neither case upon which Kirsch relies involves manufacturer suits corresponding to all accused products in the customer suit, as here. Nor do any of the cited cases explain why the customer is not the "true defendant" when the customer resells accused products from one manufacturer—permitting invocation of the customer-suit exception—but *is* the "true defendant" when it resells accused products from two, three, or more manufacturers—rendering application of the customer-suit exception inappropriate. *Id.* (quoting *Fractus*, 2019 WL 3253639, at *4-*5). The Court rejects that distinction as specious.

Kirsch also states that a stay here "significantly increases the risk of losing evidence." ECF No. 42 at 8. The customer-suit exception is, however, premised on the principle that the bulk of the relevant evidence will come from the Manufacturer of an accused product—not a customer. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). Nevertheless, Kirsch counters that even if the Manufacturer suits preserve relevant evidence, discovery will be delayed "for other manufacturers of products sold by BlueLinx, such as Barricade Building Products or Protecto

Wrap." ECF No. 42 at 8. But, as explained above, it is unclear if Kirsch could have even received that discovery.

### 2. Whether a Stay Would Simplify the Issues in this Case

Kirsch alleges that a stay would not necessarily simplify the issues here and may, in fact, increase the complexity of this case. *Id.* at 6–7, 9–10, 11, 12. For example, the three manufacturer suits could reach three different outcomes on the validity of the '482 patent, and "BlueLinx may ask the Court to resolve the conflict in rulings in a fashion most advantageous to BlueLinx (for example, invalidity instead of validity). This would likely require complete re-litigation of all of the issues anyway . . . ." *Id.* at 6–7. The Court rejects this hypothetical. Kirsch has not explained why a final judgment of invalidity springing from even one other tribunal would not have "an immediate issue-preclusive effect on any pending or co-pending actions involving the patent." *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018); *see also In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1379 (Fed. Cir. 2020) (illustrating the scope of the *Kessler* doctrine). Estoppel doctrines seemingly neuter Kirsch's supposed threat.

Alternatively, Kirsch argues that "there are a number of other circumstances that could fail to simplify the issues here. For example, the case against Continental may be dismissed on procedural grounds instead of a substantive finding." ECF No. 42 at 9. (Since Defendant filed this Motion, the Eastern District of Pennsylvania court denied Continental's motion to dismiss, largely ameliorating this concern.) As another example, Kirsch posits that even if Kirsch resolve its claims against of the Suppliers, "the resolutions may not apply to BlueLinx at all." ECF No. 42 at 9. The same risks attend most scenarios where the customer-suit exception applies; Kirsch has not explained why the risks are so heightened here as to justify ignoring the exception.

9

3.   <u>Whether Discovery Is Completed and Whether a Trial Date Has Been Set</u>

The Court stayed this case immediately after the *Markman* proceedings, meaning fact discovery was never completed or even started in earnest. Due to that stay, the current trial date will necessarily need to be moved.

## V. CONCLUSION

It is therefore **ORDERED** that Defendant BlueLinx Corporation's Opposed Motion to Stay Pending Final Resolution of Plaintiff's Manufacturer Lawsuits is **GRANTED**.

SIGNED this 4th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE